# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TURNKEY OFFSHORE PROJECT SERVICES, LLC** | * * * | Civ. No. 2:21-cv-00672-LMA-DPC |
| **VERSUS** | * * | JUDGE: Lance M. Africk<br>Sec. I |
| **JAB ENERGY SOLUTIONS, LLC**<br>**and BRENT BOUDREAUX** | * * | MAG. JUDGE: Donna Phillips Currault<br>Div. 2 |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT JAB ENERGY SOLUTIONS II, LLC'S
## ORIGINAL ANSWER & DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, JAB Energy Solutions II, LLC ("JAB"), who has been erroneously identified in the caption of this matter as JAB Energy Solutions, LLC, through undersigned counsel, files this Original Answer and Defenses to Plaintiff Turnkey Offshore Project Services, LLC's ("TOPS") Complaint. To the extent any allegations in the Complaint are not expressly admitted, they are denied.

## FIRST DEFENSE

Upon information and belief, JAB denies each and every allegation of the Complaint, except those which are admitted and/or modified herein. Further responding to the specific paragraphs of the Complaint, JAB avers as follows:

1. Paragraph 1 states legal conclusions and therefore does not require a response from JAB. To the extent a response is required, JAB admits that this Court has admiralty and maritime jurisdiction over claims for breach of a maritime contract and that TOPS has made a 9(h) election.

2. Paragraph 2 states legal conclusions and therefore does not require a response from JAB. To the extent a response is required, JAB admits that this Court has admiralty and maritime jurisdiction over claims involving the interpretation and application of a maritime contract.

3. Paragraph 3 is admitted.

4. JAB admits that it is a limited liability company organized under the laws of Delaware with its principal place of business in Shenandoah, Texas, that was and is authorized to do business in Louisiana. The remaining allegations of Paragraph 4 are denied as not directed to JAB or for lack of sufficient information to justify a belief therein.

5. Paragraph 5 is denied.

6. JAB admits that TOPS entered into a Master Service Agreement (MSA) with JAB, which was executed by JAB's president, Brent Boudreaux, on June 18, 2018, and by TOPS' vice president, Jay Henderson, on June 21, 2018. Further, JAB admits that a copy of the MSA is attached to TOPS' Complaint sans exhibits. JAB avers that the MSA is the best evidence of its content. All allegations in Paragraph 6 in contradiction with the MSA are denied as written.

7. JAB denies the allegations of Paragraph 7 as written. However, JAB admits that TOPS submitted its "dayrate proposal for the HI 370A platform removal" on July 15, 2020, followed by a proposal on September 23, 2020, which was revised and re-submitted on September 24, 2020 (R. Doc. 1-2, pp. 1-2, the "Revised Proposal"), all as evidenced by Exhibit B to TOPS' Complaint. All allegations in Paragraph 7 in contradiction with Exhibit B are denied as written.

8. JAB avers that the Revised Proposal is the best evidence of its content. JAB admits that the Revised Proposal was emailed to Brent Boudreaux on September 24, 2020. Further, JAB admits that the Revised Proposal proposes a day rate and two (2) provisions regarding "Weather Reduction." All allegations in Paragraph 8 in contradiction with the Revised Proposal are denied as written.

9. JAB admits that the Work Order entered into between TOPS and JAB is attached to TOPS' Complaint as Exhibit C sans exhibits, which is the best evidence of its content. All

allegations in Paragraph 9 in contradiction with the Work Order and/or the MSA are denied as written.

10. JAB admits that Part C of the Work Order sets forth the compensation for the services to be provided by TOPS, subject to the provisions of the MSA.

11. Paragraph 11 is admitted.

12. JAB admits that TOPS' completion of the work was delayed and that TOPS claimed down time related to weather. The remaining allegations of Paragraph 12 are denied as written.

13. JAB admits that Exhibit D to TOPS' Complaint is a Job Completion Certificate issued by TOPS stating a "Date Completed" of December 8, 2020. The remaining allegations in Paragraph 13 are denied as written.

14. JAB denies that it has "refused to pay TOPS." JAB admits that TOPS has not received payment for a percentage of the invoices it submitted to JAB.

15. JAB denies the allegations in Paragraph 15 as written. Further, JAB avers that the Work Order is Exhibit C to the Complaint, not Exhibit B. JAB admits that Part C of the Work Order states the compensation for the services to be provided by TOPS. All allegations in Paragraph 15 in contradiction with the Work Order and/or the MSA are denied as written.

16. JAB denies the allegations of Paragraph 16 as written. JAB admits that the MSA, specifically Section 6.2(a), required TOPS to issue JAB invoices in accord with the provisions therein.

17. JAB denies the allegations of Paragraph 17 as written and demands strict proof thereof.

18. JAB admits that invoices were sent by TOPS in late 2020 and early 2021. JAB denies the remaining allegations of Paragraph 18 as written and demands strict proof thereof.

19. JAB denies the allegations of Paragraph 19 as written and asserts that the MSA and Work Order are the best evidence of their terms.

20. Paragraph 20 is denied.

21. Paragraph 21 is admitted.

22. Paragraph 22 is admitted.

23. The allegations of Paragraph 23 are not directed to JAB and therefore require no response by JAB. To the extent a response is required, JAB denies the allegations of Paragraph 23 and demands strict proof thereof.

24. The allegations of Paragraph 24 are not directed to JAB and therefore require no response by JAB. To the extent a response is required, JAB denies the allegations of Paragraph 24 and demands strict proof thereof.

25. The allegations of Paragraph 25 are not directed to JAB and therefore require no response by JAB. To the extent a response is required, JAB denies the allegations of Paragraph 25 and demands strict proof thereof.

26. The allegations of Paragraph 26 are not directed to JAB and therefore require no response by JAB. To the extent a response is required, JAB denies the allegations of Paragraph 26 and demands strict proof thereof.

27. The allegations of Paragraph 27 are not directed to JAB and therefore require no response by JAB. To the extent a response is required, JAB denies the allegations of Paragraph 27 and demands strict proof thereof.

28. The allegations of Paragraph 28 appear to detail the understanding and actions of individuals unrelated to JAB of which JAB has no knowledge. As such, no response is required from JAB. To the extent a response is required, JAB denies the allegations of Paragraph 28.

29. The allegations of Paragraph 29 are not directed to JAB and therefore require no response by JAB. To the extent a response is required, JAB denies the allegations of Paragraph 29 as written.

30. JAB admits that it has paid TOPS $619,970.00. The remaining allegations of Paragraph 30 are denied.

31. Paragraph 31 states a legal conclusion and therefore requires no response from JAB. To the extent a response is required, JAB denies same.

32. Paragraph 32 states legal conclusions and therefore requires no response from JAB. To the extent a response is required, JAB denies same.

33. Paragraph 33 states legal conclusions and therefore requires no response from JAB. To the extent a response is required, JAB denies same.

34. The allegations of Paragraph 34 are not directed to JAB and therefore require no response by JAB. To the extent a response is required, JAB denies the allegations of Paragraph 34 as written.

35. JAB refers to Section 11.13 of the MSA as the best evidence of its terms and denies any contradictions in Paragraph 35 therewith.

36. JAB denies that TOPS is entitled to the relief requested in its Prayer for Relief and demands strict proof thereof.

37. JAB denies that TOPS is entitled to a jury trial.

**SECOND DEFENSE**

TOPS fails to state a claim or cause of action against JAB upon which relief can be granted.

## THIRD DEFENSE

JAB avers that if TOPS suffered any damages, as alleged, which is denied, TOPS failed to mitigate its damages, and any recovery should therefore be reduced or eliminated.

## FOURTH DEFENSE

TOPS' claims are barred in whole or in part by JAB's rights of set-off and/or credit.

## FIFTH DEFENSE

TOPS' claims are barred to the extent that TOPS is in breach of the MSA and/or the Work Order, including the exhibits associated therewith.

## SIXTH DEFENSE

Having admitted the existence of a contract, TOPS is not entitled to the remedy of unjust enrichment.

## SEVENTH DEFENSE

TOPS' claims are barred in whole or in party by waiver and/or estoppel.

## EIGHTH DEFENSE

TOPS' damage claim is barred, in whole or in part, by Section 11.11 of the MSA to the extent TOPS' damages constitute "Consequential Loss."

## NINTH DEFENSE

JAB avers that TOPS' claims are barred, in whole or in part, by the agreements and understandings between the parties.

## TENTH DEFENSE

JAB avers that TOPS' claims are barred, in whole or in part, by force majeure.

**ELEVENTH DEFENSE**

If TOPS sustained any damages, which is specifically denied, the damages were contributed to, or caused wholly by, the fault of others for which JAB is not responsible, or by causes wholly outside of JAB's control, which is pled in bar or diminution of any recovery that TOPS may have herein.

**TWELFTH DEFENSE**

To the extent the Complaint is intended to assert the elements of an open account claim, JAB avers that TOPS has no right or cause of action to assert an open account claim under the facts and agreements in this matter, including that there was no open line of credit between the parties, subject to future adjustment.

**THIRTEENTH DEFENSE**

JAB avers that any damages allegedly suffered by TOPS were the result of TOPS' own work and decisions as an independent contractor or the work of individuals or entities subject to TOPS' control and are therefore not recoverable against JAB.

**FOURTEENTH DEFENSE**

JAB avers that TOPS was obligated to perform work under the MSA and Work Order in the most reasonable and efficient manner, and any risk of delay and/or damages resulting from weather events is to be borne by TOPS as TOPS elected to begin its work with full knowledge of the greater risk of weather delays late in the season.

**FIFTEENTH DEFENSE**

By pleading these Defenses, JAB is not asserting that it will prove each of these defenses as JAB maintains that TOPS retains the burden of proof on all elements and requirements of the claims asserted in its Complaint and to prove its damages. JAB reserves the right to amend this

Answer, including the right to assert any additional defenses that may become apparent during the course of any JAB investigation and/or discovery.

**WHEREFORE**, JAB denies that TOPS is entitled to any relief requested, and respectfully prays for judgement as follow: (1) that all relief requested by TOPS be denied and TOPS' claims be dismissed, all at TOPS' cost; and (2) for such other equitable and legal relief as the Court may deem just and proper.

Respectfully submitted,

**MILES THOMAS LAW, LLC**
Counsel for JAB Energy Solutions II, LLC

/s/ Miles C. Thomas
Miles C. Thomas, Esq. T.A. #31342
8011 Sycamore Street
New Orleans, LA 70118
(864) 380-3838
mthomas@milesthomaslaw.com

**April 30, 2021**