# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TURNKEY OFFSHORE PROJECT SERVICES, LLC | * * * | Civ. No. 2:21-cv-00672-LMA-DPC |
| VERSUS | * * | JUDGE: Lance M. Africk<br>Sec. I |
| JAB ENERGY SOLUTIONS, LLC and BRENT BOUDREAUX | * * | MAG. JUDGE: Donna Phillips Currault<br>Div. 2 |

*************************************

## DEFENDANT BRENT BOUDREAUX'S
## ORIGINAL ANSWER & DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Brent Boudreaux ("Boudreaux"), through undersigned counsel, files his Original Answer and Defenses to plaintiff, Turnkey Offshore Project Services, LLC's ("TOPS"), Complaint. To the extent any allegations in the Complaint are not expressly admitted, they are denied.

## FIRST DEFENSE

Upon information and belief, Boudreaux denies each and every allegation of the Complaint, except those which are admitted and/or modified herein. Further responding to the specific paragraphs of the Complaint, Boudreaux avers as follows:

1. Paragraph 1 states legal conclusions and therefore does not require a response from Boudreaux. To the extent a response is required, Boudreaux admits that this Court has admiralty and maritime jurisdiction over claims for breach of a maritime contract and that TOPS has made a 9(h) election.

2. Paragraph 2 states legal conclusions and therefore does not require a response from Boudreaux. To the extent a response is required, Boudreaux admits that this Court has admiralty

and maritime jurisdiction over claims involving the interpretation and application of a maritime contract.

3. Paragraph 3 is admitted.

4. Boudreaux admits that he is a resident of the State of Texas. The remaining allegations of Paragraph 4 are denied as not directed to Boudreaux, as legal conclusions, or for lack of sufficient information to justify a belief therein.

5. Paragraph 5 is denied.

6. Boudreaux admits that TOPS entered into a Master Service Agreement (MSA) with JAB, which he executed in his official capacity as JAB's president on June 18, 2018, and which was executed by TOPS' vice president, Jay Henderson, on June 21, 2018. Further, Boudreaux admits that a copy of the MSA is attached to TOPS' Complaint sans exhibits. Boudreaux avers that the MSA is the best evidence of its content. All allegations in Paragraph 6 in contradiction with the MSA are denied as written.

7. Boudreaux denies the allegations of Paragraph 7 as written. However, Boudreaux admits that TOPS submitted its "dayrate proposal for the HI 370A platform removal" on July 15, 2020, followed by a proposal on September 23, 2020, which was revised and re-submitted on September 24, 2020 (R. Doc. 1-2, pp. 1-2, the "Revised Proposal"), all as evidenced by Exhibit B to TOPS' Complaint. All allegations in Paragraph 7 in contradiction with Exhibit B are denied as written.

8. Boudreaux avers that the Revised Proposal is the best evidence of its content. Boudreaux admits that the Revised Proposal was emailed to him on September 24, 2020. Further, Boudreaux admits that the Revised Proposal proposes a day rate and two (2) provisions regarding

"Weather Reduction." All allegations in Paragraph 8 in contradiction with the Revised Proposal are denied as written.

9. The allegations of Paragraph 9 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux admits that the Work Order entered into between TOPS and JAB is attached to TOPS' Complaint as Exhibit C sans exhibits, which is the best evidence of its content. All allegations in Paragraph 9 in contradiction with the Work Order and/or the MSA are denied as written.

10. The allegations of Paragraph 10 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux admits that Part C of the Work Order sets forth the compensation for the services to be provided by TOPS, subject to the provisions of the MSA.

11. Paragraph 11 is admitted.

12. Boudreaux admits that TOPS' completion of the work was delayed and that TOPS claimed down time related to weather. The remaining allegations of Paragraph 12 are denied as written.

13. The allegations of Paragraph 13 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux admits that Exhibit D to TOPS' Complaint is a Job Completion Certificate issued by TOPS stating a "Date Completed" of December 8, 2020. The remaining allegations in Paragraph 13 are denied as written.

14. The allegations of Paragraph 14 are not directed to Boudreaux, and therefore require no response.

15. The allegations of Paragraph 15 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux denies the allegations in

Paragraph 15 as written. Further, Boudreaux avers that the Work Order is Exhibit C to the Complaint, not Exhibit B. Boudreaux admits that Part C of the Work Order states the compensation for the services to be provided by TOPS. All allegations in Paragraph 15 in contradiction with the Work Order and/or the MSA are denied as written.

16. The allegations of Paragraph 16 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux denies the allegations of Paragraph 16 as written. Boudreaux admits that the MSA, specifically Section 6.2(a), required TOPS to issue JAB invoices in accord with the provisions therein.

17. The allegations of Paragraph 17 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux denies the allegations of Paragraph 17 as written and demands strict proof thereof.

18. The allegations of Paragraph 18 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux admits that invoices were sent by TOPS in late 2020 and early 2021. Boudreaux denies the remaining allegations of Paragraph 18 as written and demands strict proof thereof.

19. The allegations of Paragraph 19 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux denies the allegations of Paragraph 19 as written and asserts that the MSA and Work Order are the best evidence of their terms.

20. The allegations of Paragraph 20 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Paragraph 20 is denied.

21. The allegations of Paragraph 21 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Paragraph 21 is admitted.

22. Paragraph 22 is admitted.

23. Boudreaux denies the allegations of Paragraph 23 as written and demands strict proof thereof.

24. Boudreaux denies the allegations of Paragraph 24 as written and demands strict proof thereof.

25. Boudreaux denies the allegations of Paragraph 25 as written and demands strict proof thereof.

26. Boudreaux denies the allegations of Paragraph 26 as written and demands strict proof thereof.

27. Paragraph 27 states legal conclusions which require no response. To the extent a response is required, Boudreaux denies the allegations of Paragraph 27 and demands strict proof thereof.

28. The allegations of Paragraph 28 appear to detail the understanding and actions of individuals unrelated to Boudreaux of which Boudreaux has no knowledge. As such, no response is required from Boudreaux. To the extent a response is required, Boudreaux denies the allegations of Paragraph 28.

29. The allegations of Paragraph 29 are not directed to Boudreaux and therefore require no response by Boudreaux. To the extent a response is required, Boudreaux denies the allegations of Paragraph 29 as written.

30. Boudreaux admits that JAB has paid TOPS $619,970.00. The remaining allegations of Paragraph 30 are denied.

31. Paragraph 31 states a legal conclusion and therefore requires no response from Boudreaux. To the extent a response is required, Boudreaux denies same.

32. The allegations of Paragraph 32 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux denies the allegations of Paragraph 32 and demands strict proof thereof.

33. The allegations of Paragraph 33 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux denies the allegations of Paragraph 33 and demands strict proof thereof.

34. The allegations of Paragraph 34 are denied.

35. The allegations of Paragraph 35 are not directed to Boudreaux, and therefore require no response. To the extent a response is required, Boudreaux denies the allegations of Paragraph 35 as he is not a party to the MSA.

36. Boudreaux denies that TOPS is entitled to the relief requested in its Prayer for Relief and demands strict proof thereof.

37. Boudreaux denies that TOPS is entitled to a jury trial.

## SECOND DEFENSE

TOPS fails to state a claim or cause of action against Boudreaux upon which relief can be granted.

## THIRD DEFENSE

Boudreaux avers that if TOPS suffered any damages, as alleged, which is denied, TOPS failed to mitigate its damages, and any recovery should therefore be reduced or eliminated.

## FOURTH DEFENSE

TOPS' claims against Boudreaux are barred in whole or in part by JAB's rights of set-off and/or credit.

**FIFTH DEFENSE**

TOPS' claims are barred to the extent that TOPS is in breach of the MSA and/or the Work Order, including the exhibits associated therewith.

**SIXTH DEFENSE**

Boudreaux avers that TOPS' claims are barred, in whole or in part, by the fiduciary-shield doctrine, which likewise precludes jurisdiction over Boudreaux.

**SEVENTH DEFENSE**

TOPS' claims are barred in whole or in party by waiver and/or estoppel.

**EIGHTH DEFENSE**

TOPS has failed to comply with Fed. R. Civ. Pro. 9 in pleading its claims against Boudreaux.

**NINTH DEFENSE**

Boudreaux avers that TOPS' claims are barred, in whole or in part, by the agreements and understandings between the parties.

**TENTH DEFENSE**

Boudreaux avers that TOPS' claims are barred, in whole or in part, as Boudreaux owed no duty to TOPS.

**ELEVENTH DEFENSE**

If TOPS sustained any damages, which is specifically denied, the damages were contributed to, or caused wholly by, the fault of others for which Boudreaux is not responsible, or by causes wholly outside of Boudreaux's control, which is pled in bar or diminution of any recovery that TOPS may have herein.

**TWELFTH DEFENSE**

Boudreaux avers that any damages allegedly suffered by TOPS were the result of TOPS' own work and decisions as an independent contractor or the work of individuals or entities subject to TOPS' control and are therefore not recoverable against Boudreaux.

**THIRTEENTH DEFENSE**

By pleading these Defenses, Boudreaux is not asserting that he will prove each of these defenses as Boudreaux maintains that TOPS retains the burden of proof on all elements and requirements of the claims asserted in its Complaint and to prove its damages. Boudreaux reserves the right to amend this Answer, including the right to assert any additional defenses that may become apparent during the course of investigation by Boudreaux and/or discovery.

**WHEREFORE**, Boudreaux denies that TOPS is entitled to any relief requested, and respectfully prays for judgement as follow: (1) that all relief requested by TOPS be denied and TOPS' claims be dismissed, all at TOPS' cost; and (2) for such other equitable and legal relief as the Court may deem just and proper.

Respectfully submitted,

**MILES THOMAS LAW, LLC**
Counsel for Brent Boudreaux

/s/ Miles C. Thomas
Miles C. Thomas, Esq. T.A. #31342
8011 Sycamore Street
New Orleans, LA 70118
(864) 380-3838
mthomas@milesthomaslaw.com

**April 30, 2021**