UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TURNKEY OFFSHORE PROJECT    \*    NO:    2:21-cv-00672
 SERVICES, LLC ("TOPS")      \*
                           \*    JUDGE AFRICK
VERSUS                     \*
                           \*
JAB ENERGY SOLUTIONS, LLC    \*    MAGISTRATE CURRAULT
 and BRENT BOUDREAUX,      \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
## TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

As set forth in the attached Motion, TOPS is moving for leave of court to file the attached

Amended and Supplemental Complaint, which adds JAB Energy Solutions, LLC ("JAB") and

Allison Marine Holdings, LLC ("Allison Marine") as additional defendants to this matter. Upon

further investigation after the filing of the Complaint, undersigned counsel has reason to believe

that JAB Energy Solutions II, LLC ("JAB II"), JAB, and Allison Marine all have acted as an

individual corporate unit and therefore, should be treated as a single business enterprise under

Louisiana law or, in the alternative, as alter-egos should Texas law apply, or alternatively that

Allison Marine and/or JAB should be liable for the obligations incurred by JAB II and owed to

TOPS.

First, JAB, JAB II, and Allison Marine have acted as one and the same by intermingling

assets and business activities, such that they should be treated as a single business enterprise. In

*Shore Offshore Services, LLC v. JAB Energy Solutions, II, LLC*, JAB II admitted in its corporate

disclosures to being a wholly owned subsidiary of Allison Marine. (A copy of the corporate

disclosure from that suit is attached hereto as Exhibit "I'). In Louisiana, several factors can suggest

that a group of entities should be treated as a single business enterprise. *Lee v. Clinical Research*

*Center of Florida, L.C.*, 889 So. 2d 317, 322 (La. Ct. App. 2004). Among those include but are not limited to, unified administrative control of corporations whose business functions are similar, common officers, common offices, centralized accounting, and excessive fragmentation of a single enterprise into separate corporations. *Id.*

Here, our preliminary investigation indicates JAB and JAB II have unified administrative control and similar business functions. In June of 2018, TOPS and JAB II entered into a Master Service Agreement whereby the parties agreed that the terms of that document would govern any services performed by TOPS for JAB II. (See Exhibit A attached to complaint). The Master Service Agreement was signed by Brent Boudreaux, the President of JAB II. (See Exhibit A). Two years later, Mr. Boudreaux approached TOPS about a potential job. On July 24, 2020, TOPS sent a bid proposal in the form of a letter addressed to Brent Boudreaux at JAB Energy Solutions, LLC. (See Exhibit B attached to complaint). That letter was sent as an attachment on an email to the email address for Boudreaux, which was/is bboudreaux@jabenergysolutions.com. (See Exhibit B). Additionally, Mr. Boudreaux's email signature lists his employer as JAB Energy Solutions. On September 24, 2020, a revised bid proposal was emailed to Mr. Boudreaux. (See Exhibit B). This revised proposal was also addressed to JAB and was sent to the same email address mentioned above. None of these communications mentioned JAB II. The work order was signed in September of 2020 by Mr. Boudreaux in his capacity of President of JAB II. (See Exhibit C attached to complaint). Despite the Master Service Agreement and Work Order listing JAB II as the contracting company, all invoices for the job were addressed to JAB, not JAB II. (See Exhibit E attached to complaint). It appears that several corporations owned by Allison Marine have similar business functions. In this case, JAB and JAB II are both involved in decommissioning offshore

platforms. Throughout all of the communication and paperwork between the parties, JAB and JAB II appear to be interchangeable.

JAB, JAB II, and Allison Marine have common officers, common employees, and common office spaces. JAB and JAB II both operate out of an office located at 19221 Interstate 45 S. Shenandoah, Texas 77385. Additionally, Allison Marine's principal business office is listed as the same address. (A copy of the commercial search of Allison Marine is attached hereto as Exhibit "J"). As mentioned previously, Brent Boudreaux is operating as an officer for both JAB and JAB II, as evidenced by his title as President of JAB II and his email address under JAB. Further, Stephen Orlando who founded Allison Marine, is listed as an officer of JAB in the commercial search (A copy of the commercial search of JAB is attached hereto as Exhibit "K"), and is listed as the President of JAB II in the 2019 Tax Public Information Report, (A copy of this report is attached hereto as Exhibit "L"). Henry Robards is also listed as an officer for both Allison Marine and JAB. (See Exhibits J and K). We believe further discovery will reveal additional overlapping officers and employees of all three companies.

We believe additional investigation will show centralized accounting between all three companies. In another ongoing suit between Offshore Technical Solutions, LLC and JAB, JAB II, and Allison Marine, the checks to the plaintiff, who was working for JAB, were signed by an employee of Allison Marine, Sonda Robertson. (A copy of these checks is attached hereto as Exhibit "M"). Sonda Robertson's email address was/is srobertson@allison-companies.net. (A copy of an email sent from Ms. Robertson is attached hereto as Exhibit "N"). Based on that evidence, there is reason to believe that all funding and invoice payments are done through Allison Marine regardless of with whom the contract was made.

Allison Marine is also excessively fragmented into various corporations. Allison Marine is affiliated with at least ten other companies including but not limited to, JAB, JAB II, Allison Marine Contractors, Inc, and Allison Marine Contractor II, Inc.

Based on the evidence already gathered and the evidence we expect to gather, there is a strong argument that JAB, JAB II, and Allison Marine should be treated as a single business enterprise per Louisiana law.

Second, JAB, JAB II, and Allison Marine should be considered alter-egos of each other under Texas law in the instance that Texas law is applied. This analysis is very similar to the analysis in Louisiana explained above. Factors to be considered include common business names, common offices, common employees, whether one entity paid the wages of the other entity's employees, and undocumented transfers of funds. Although more in-depth discovery will be needed to determine the financial aspects between the three companies, we believe all of the evidence mentioned previously supports the argument that JAB, JAB II, and Allison Marine should be treated as one entity whether under Louisiana law or Texas law.

For the abovementioned reasons, TOPS respectfully asks the Court to amend the complaint as set forth herein.

Respectfully submitted,

NALLEY AND DEW
A Professional Law Corporation

*/s/George Nalley*

_____
GEORGE J. NALLEY, JR.                (9883)
Suite 100
2450 Severn Avenue
Metairie, LA  70001
(504) 838-8188
Attorney for Turnkey Offshore Project Services, LLC

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 25th day of June, 2021 served a copy of the foregoing pleading on counsel for all parties to this proceeding by email, facsimile, and/or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

*/s/George Nalley*
_____
NALLEY AND DEW, APLC