UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| TURNKEY OFFSHORE PROJECT SERVICES, LLC ("TOPS") | * * * | NO: 2:21-cv-00672 |
|---|---|---|
| | * | JUDGE AFRICK |
| VERSUS | * | |
| | * | |
| JAB ENERGY SOLUTIONS, LLC and BRENT BOUDREAUX, | * * | MAGISTRATE CURRAULT |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come Turnkey Offshore Project Services, LLC, who asserts this following Amended and Supplemental Complaint for damages against the defendants pursuant to general maritime law.

**I.**

TOPS reiterates and adopts each and every allegation and prayer in his original Complaint as if copied herein in extenso, and without waiving any of the allegations in said Complaint, now further alleges the following against new Defendants, JAB Energy Solutions, LLC, and Allison Marine Holdings, LLC.

**II.**

By amending Paragraph IV of the original complaint to read as follows:

Named as Defendants in this matter are:

a) JAB Energy Solutions II, LLC (hereinafter "JAB II"), a foreign limited liability company organized under the laws of the State of Delaware, with its principal place of business in Shenandoah, Texas. At all times pertinent to this claim, JAB Energy Solutions II, LLC was authorized to and doing business with TOPS in Dulac, Louisiana.

b) Brent Boudreaux, who, based on information and belief, is believed to be a resident of the State of Texas, but who regularly did business with TOPS in Louisiana.

1

c) JAB Energy Solutions, LLC (hereinafter "JAB"), a domestic limited liability doing business in this state with its principal place of business in Shenandoah, Texas.

d) Allison Marine Holdings, LLC (hereinafter "Allison Marine"), a foreign limited liability company organized under the laws of the State of Delaware, with its principal place of business in Shenandoah, Texas, which at all times pertinent has been and is doing business within the jurisdiction of this Court.

### III.

By adding paragraphs to be numbered XXXVI and XXXVII and to read as follows:

### XXXVI.

At all pertinent times herein, JAB, JAB II, and Allison Marine were acting as one and the same, and thereby under the doctrine of single business enterprise under Louisiana law or in the alternative, as alter-egos under Texas law, thus rendering JAB, JAB, II and Allison Marine equally liable for the debts owed to TOPS in this matter.

### XXXVII.

At all pertinent times herein, Allison Marine, and its wholly owned subsidiary, JAB Energy Solutions, LLC, JAB Energy Solutions II, LLC and JAB II were acting as one and the same, and thereby under the doctrine of single business enterprise under Louisiana law or, in the alternative, as alter-egos under Texas law, thereby rendering Allison Marine equally liable for all debts owed to TOPS.

### XXXVIII.

At all times pertinent, Brent Boudreaux was acting as an agent for JAB, JAB II and Allison Marine when he fraudulently represented the finances available for this job and the payments to be made to TOPS for the work it performed.

## XXXIX.

TOPS alleges that JAB, JAB II, Brent Boudreaux, and Allison Marine all acted in concert to breach the contract with TOPS and have failed/refused to pay TOPS for the work it performed in the removal of the High Island platform.

## XL.

Upon information and belief, Brent Boudreaux and other representatives of the other defendants set up a shell corporation situation, called JAB II, which they used to fraudulently induce TOPS to perform over $9 million of work, while knowing that JAB II was a shell corporation without adequate funding to pay TOPS for its work.

## XLI.

Alternatively, if JAB II actually received adequate funding for the work performed by TOPS, the money has been improperly transferred elsewhere by some or all of the defendants, so as to deprive TOPS of its payments for its work.

WHEREFORE, Plaintiff, Turnkey Offshore Project Services, LLC, prays that his original Complaint be supplemented and Amended in the above particulars, that Defendants named herein be cited and served with a copy of this First Supplemental and Amended Complaint and be required to answer in accordance with the law, and that after due proceedings are had that there be a judgment in its favor and against Defendants, in the amount of $8,297,633.82, plus interest, reasonable attorney's fees, and all costs of this litigation, as well as any other and further relief to which TOPS is entitled.

Respectfully submitted,

NALLEY AND DEW
A Professional Law Corporation

*/s/George Nalley*
_____
GEORGE J. NALLEY, JR.            (9883)
Suite 100
2450 Severn Avenue
Metairie, LA  70001
(504) 838-8188
Attorney for Turnkey Offshore Project
Services, LLC