| | |
|---|---|
| **From:** | Brent Boudreaux <bboudreaux@jabenergysolutions.com> |
| **Sent:** | Wednesday, April 14, 2021 9:33 AM |
| **To:** | mthomas |
| **Subject:** | FW: HI A 370 |
| **Attachments:** | HI A370 Term Sheet - fully executed.PDF |

Brent Boudreaux
JAB Energy Solutions
19221 I 45 South
**Suite 324**
Shenandoah, Texas 77385
281-260-7500 office
281-204-7168 cell

## Please note we moved offices.

**From:** Brent Boudreaux
**Sent:** Monday, November 2, 2020 7:54 PM
**To:** Rocky Henderson <rocky@hopeservicesinc.com>
**Subject:** HI A 370

Rocky
Attached is the term sheet for HI A 370.

We have tracked $4.3 million to date. There are app 7 days of work for this total the rest has been weather.

We have to pay the reef donation and the site clearance before we can invoice.
Reef donation is $1,070,000, site clearance will be around $225,000 and app $300,000 in accrued cost.

Let me know your thoughts.

Thanks,

Brent Boudreaux
JAB Energy Solutions
19221 I 45 South
**Suite 324**
Shenandoah, Texas 77385
281-260-7500 office
281-204-7168 cell

## Please note we moved offices.

High Island A370 Funding Term Sheet

| Parties: | Richard Schmidt, Black Elk trustee ("Trustee") |
|---|---|
| | W&T Offshore, Inc. ("W&T") |
| | Burlington Resources Offshore, Inc. ("Burlington") |
| | Talos Energy Inc. ("Talos") |
| | The United States Department of Interior ("DOI") |
| | JAB Energy Solutions II LLC ("JAB") |
| | Argonaut Insurance Company ("Argo") |
| OCS Lease: | High Island A370, OCS G-02434 (the "Lease") |
| Current JAB Funding Requirements: | Under the *Acknowledgment of Assignment of Master Services Agreement and Work Order* dated June 9, 2017, between Trustee and JAB (the "JAB Contract"), JAB has previously completed the well work associated with the Lease and platform work and site clearance remains.<br><br>For the completed well work JAB has received payments totaling $3,221,295 and is owed $628,705.<br><br>The Parties acknowledge the following funding structure under the JAB Contract:<br><br>Well Work<br>- $243,705 attributable to Talos' working interest share<br>- $385,000 attributable to Fairways Offshore Exploration, Inc.'s ("Fairways") working interest share<br><br>Platform Work: $5,716,412<br>- By Argonaut from HI A370 bond reduction and additional funds: $1,262,872<br>- By W&T through non-operated escrow: $2,771,666 |

|  | - By Talos: $1,096,874<br>- By Fairways: $585,000 |
|---|---|
| Adjusted JAB Contract Funding Sources: | Subject to the Payment Conditions set forth below, funding requirements for the JAB Contract and the sources of payment to JAB shall be adjusted under this Term Sheet as follows:<br><br>Well Work<br>- W&T shall pay JAB $243,705 upon execution of this Term Sheet, for the Well Work previously performed by JAB, through its non-operated escrow.<br>- Upon receipt of a demand from Black Elk Trustee[1], Burlington shall use reasonable commercial efforts to call the Fairways private supplemental bond and make demand upon the surety to release the bond proceeds in the amount of $385,000 to JAB for Fairways' share of the completed Well Work. If the bond proceeds are received by Burlington, Burlington shall remit the proceeds to JAB within the later of: (a) ten business days of receipt of the bond proceeds or (b) three business days from confirmation of mobilization by JAB on location at the HI A370 platform for platform removal.<br><br>Platform Work<br>- W&T agrees to pay JAB $2,771,666 for the Platform Work through its non-operated escrow.<br>- Talos agrees to pay JAB $1,096,874 for the Platform Work.<br>- Argo remains committed to its funding amounts subject to surety bond release and cancellation. Upon |

---

[1] The Trustee shall issue the demand to Burlington immediately upon execution of this Term Sheet, if such demand has not already been served on Burlington prior to execution of this Term Sheet.

83650259v.1

|  |  |
|---|---|
|  | receipt of documentation acceptable to Argo confirming the full release and cancellation of Bond No. SUR0019139, Argo will release collateral in the total amount of $1,262,872 to JAB for the Platform Work, which payment shall satisfy the payment obligations of the Black Elk Liquidation Trust.<br>• The Fairways' share of the Platform Work in the total amount of $585,000 shall be funded from the following sources and paid to JAB upon completion of the Platform Work and site clearance:<br>    o $100,000 from Talos;<br>    o $40,000 discount from JAB;<br>    o $445,000 by the Black Elk Trustee from the Black Elk Litigation Trust, subject to release of the DOI Reserve Claim. |
| Additional Terms and Payment Conditions | Timeliness:<br>    In accordance with article 2.6 of the JAB Contract, JAB shall use commercially reasonable efforts to commence the Platform Work within 14 days from the execution of this Term Sheet (the "Commencement Date") and shall diligently prosecute its obligations under the terms of the JAB Contract and use commercially reasonable efforts to complete the Platform Work and obtain site clearance by October 31, 2020.<br><br>Time is of the Essence:<br>• Time is of the Essence and JAB's willingness and ability to timely perform the Platform Work is a material inducement to the entry of this Term Sheet.<br>• To the extent that the JAB Contract is terminated after the Commencement Date, then JAB's right to payment for |

| | |
|---|---|
| | any Platform Work under the terms of the JAB Contract (if any such right exists) will be expressly subordinate to the Parties' costs to complete the Platform Work in substitution of article 20.2 of the JAB Contract. |
| Further Assurances: | The Trustee, W&T, Burlington, and Talos agree that, to the extent that the JAB Contract is terminated, any amounts agreed to under this Term Sheet for the Platform Work, but not already paid, shall be made available to satisfy the expense of completing the Platform Work. Trustee, W&T, Burlington, and Talos each must consent to any termination of the JAB Contract and selection of any successor contractor and successor contract to complete the Platform Work should the JAB Contract be terminated. |
| DOI Resolution: | In consideration for the funding commitments set out in this Term Sheet and subject to Bankruptcy Court approval, DOI agrees as follows:<br>• DOI confirms, as already agreed to and entered by the court in the Order Confirming the Third Amended Plan of Liquidation, that upon confirmation of site clearance of the Lease, DOI's Reserve Claim in the Black Elk bankruptcy case in the amount of $1,195,000 shall be reduced to $0.<br>• BSEE agrees to stay any and all enforcement actions related to the Lease for 90 days, unless there is a threat to health, safety, or the environment.<br>• BSEE further agrees to a 90 day stay of any pending appeals related to the Lease before the Interior Board of Land Appeals. |
| Settlement and Mutual Release: | All claims and causes of action, including any claims for indemnification, contribution, or |

|  | subrogation, between and among Talos, Burlington, and W&T related to the JAB Contract, the HI A370 Operating Agreement, and this Term Sheet shall be released upon confirmation of site clearance by BSEE and payment by each party of the obligations set forth in this Term Sheet.<br><br>Each party's payment obligations shall be limited to the payment terms set out in this term sheet.  Upon payment in full of each payment obligation set forth in this Term Sheet, JAB shall release each paying party from any and all claims and causes of action related to the JAB Contract and work associated with HI A370.<br><br>Nothing herein shall constitute a release of the obligations arising under this Term Sheet. |
|---|---|
| Reservation of Rights: | The Parties reserve all rights, claims, and causes of action, including claims related to indemnity and subrogation, and claims under the Joint Operating Agreement for High Island A370 against Fairways.<br><br>Except for the stays agreed to herein by DOI, nothing herein shall preclude, bar or enjoin the United States of America, or its agencies, from taking any and all actions to: (i) enforce its police or regulatory powers; (ii) regulate and administer its federal programs; or (iii) assert any setoff or recoupment rights they may have. |

**AGREED:**

BY: **Black Elk Trustee**

_____
BY: *Richard Schmidt* (Name)

*Trustee* (Title)

Dated: 9/14/2020

BY: **W&T Offshore, Inc.**

_____
BY:_____(Name)

_____ (Title)

Dated: _____

BY: **Burlington Resources Offshore, Inc.**

_____
BY: _____ (Name)

_____ (Title)

Dated: _____

BY: **Talos Energy, Inc.**

_____
BY: Robert D. Abendschein

EVP and Head of Operations

Dated: _____

BY: **Argonaut Insurance Company**

_____
BY:_____(Name)

_____ (Title)

Dated: _____

**AGREED:**

BY: **Black Elk Trustee**

BY: _____(Name)

_____ (Title)

Dated: _____

BY: **W&T Offshore, Inc.**

BY: *William Williford* (Name)

*Executive VP* (Title)

Dated: 9/15/2020

BY: **Burlington Resources Offshore, Inc.**

BY: _____(Name)

_____ (Title)

Dated: _____

BY: **Talos Energy, Inc.**

BY: Robert D. Abendschein

EVP and Head of Operations

Dated: _____

BY: **Argonaut Insurance Company**

BY: _____(Name)

_____ (Title)

Dated: _____

83641155v.1

**AGREED:**

BY: **Black Elk Trustee**  BY: **W&T Offshore, Inc.**

_____  _____

BY: _____(Name)  BY: _____(Name)

_____ (Title)  _____ (Title)

Dated: _____  Dated: _____


BY: **Burlington Resources Offshore, Inc.**  BY: **Talos Energy, Inc.**

*Drew J Brown* (DocuSigned, D84174B4E2EE440...)  _____

BY: Drew J. Brown (Name)  BY: Robert D. Abendschein

Attorney-in-fact (Title)  EVP and Head of Operations

Dated: Sep-14-2020  Dated: _____

BY: **Argonaut Insurance Company**

_____

BY: _____(Name)

_____ (Title)

Dated: _____

83641155v.1

**AGREED:**

BY: **Black Elk Trustee**                                   BY: **W&T Offshore, Inc.**

_____                                   _____

BY: _____(Name)                         BY: _____(Name)

_____ (Title)                         _____ (Title)

Dated: _____                          Dated: _____


BY: **Burlington Resources Offshore, Inc.**    BY: **Talos Energy, Inc.**

_____                                   /s/ R. D. Abendschein

BY: _____(Name)                         BY: Robert D. Abendschein

_____ (Title)                         EVP and Head of Operations

Dated: _____                          Dated:  9/14/2020


BY: **Argonaut Insurance Company**

_____

BY: _____(Name)

_____ (Title)

Dated: _____

83641155v.1

**AGREED:**

BY: **Black Elk Trustee**

BY: _____ (Name)

_____ (Title)

Dated: _____

BY: **W&T Offshore, Inc.**

BY: _____ (Name)

_____ (Title)

Dated: _____

BY: **Burlington Resources Offshore, Inc.**

BY: _____ (Name)

_____ (Title)

Dated: _____

BY: **Talos Energy, Inc.**

BY: Robert D. Abendschein

EVP and Head of Operations

Dated: _____

BY: **Argonaut Insurance Company**

BY: *Robert G Lavitt* (Name)

*VP, Director Safety Claims* (Title)

Dated: Sept 15, 2020

83641155v.1

BY: **Department of Interior**

*LARS HERBST* Digitally signed by LARS HERBST
Date: 2020.09.15 15:55:37 -05'00'

BY: __Lars Herbst_____ (Name)

BSEE_ Regional Director (Title)

Dated: _09/15/2020_____

BY: **JAB Energy Solutions II, LLC**

_____

BY:_____ (Name)

_____ _____ (Title)

Dated: _____

83641155v.1

BY: **Department of Interior**

BY:_____(Name)

_____ (Title)

Dated:_____

BY: **JAB Energy Solutions II, LLC**

BY: *Brent Boudreaux* (Name)

*President* (Title)

Dated: 9-14-20

83641155v.1