

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/29/2015

| | |
|---|---|
| IN RE: § | |
| § | |
| BLACK ELK ENERGY OFFSHORE § | CASE NO. 15-34287 |
| OPERATIONS, LLC, § | |
| § | CHAPTER 11 |
| Debtor. § | |

**ORDER GRANTING JOINT EMERGENCY MOTION OF JAB ENERGY AND MERIT ENERGY COMPANY, LLC, TO COMPEL ASSUMPTION OF CERTAIN PLUGGING AND ABANDONMENT AGREEMENTS IN ORDER TO COMPLY WITH REGULATIONS, BRIDGING AGREEMENT, AND 2015 PLUGGING AND ABANDONMENT PLAN; FOR DIP FINANCING PROTECTIONS; FOR ADEQUATE PROTECTION AND/OR ADMINISTRATIVE CLAIM**

The Court, upon consideration of the Joint Emergency Motion of JAB Energy Solutions II, LLC ("JAB") and Merit Energy Company, LLC ("Merit") to Compel Assumption of Certain Plugging and Abandonment Agreements in Order to Comply with Regulations, Bridging Agreement, and 2015 Plugging and Abandonment Plan; for DIP Financing Protections; for Adequate Protection and/or for Administrative Claim ("Motion"), and upon consideration of the arguments and evidence presented at hearing, finds that the Motion is well-taken and should be granted, but only as provided herein:

The Court hereby finds as follows:

A.   The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). The Court has statutory authority to enter the relief granted herein pursuant to 11 U.S.C. §§ 363, 364, and 365.

B.   The P&A Work authorized by this Order is required under applicable law and regulations and is necessary to protect public health and safety and the environment.

C.  The relief ordered herein is in the best interest of the estate, and it is in the best interest of the estate to authorize Black Elk Energy Offshore, LLC ("Black Elk" or "Debtor") to comply with the terms set forth in the JAB P&A Plan and the P&A Plan. It is further in the best interest of the estate to allow Merit and Black Elk to advance funds from the P&A Escrow to pay Black Elk's share of P&A Work to JAB.

D.  Merit maintains a first priority security interest in the P&A Escrow account through the P&A Escrow Agreement, the ESA, and the DACA.

The Court therefore ORDERS as follows:

1.  Black Elk shall complete the P&A Work[1] identified in Exhibit C to the June 26, 2015 Letter Agreement entered into by JAB, Black Elk, and Merit ("2015 Merit Legacy Work"). JAB shall be entitled to complete the 2015 Merit Legacy Work and shall be compensated as provided in this Order. Both JAB and Black Elk shall comply with the provisions of the Bridging Agreement, JAB P&A Agreement, and the P&A Plan as such agreements apply to the 2015 Merit Legacy Work; provided, non-compliance by the Debtor may result in a pre-petition or post-petition claim, as may be subsequently determined after notice and hearing.

2.  Merit shall and is authorized to distribute the P&A Escrow as necessary to JAB in order to perform P&A Work pursuant to the Bridging Agreement and the JAB P&A Agreement (as it relates to the P&A Plan). With respect to payments to be made in connection with the 2015 Merit Legacy work, Merit shall have the sole right to issue instructions related to the P&A Escrow Account for payment of the P&A Work in accordance with the Escrow Agreement, Escrow Security Agreement, and Deposit Account Control Agreement; provided, that if Merit fails to issue instructions for payment in accordance with the preceding sentence, the Court may order the issuance of the instructions after notice and hearing.

---

[1] All defined terms shall have the meaning set forth in the Motion.

3.   Black Elk is authorized and directed to take any actions or execute any documents which are necessary to carry out the terms of this Order, including any joint written instructions required by Capital One, N.A. as escrow agent or other documentation required by Capital One, N.A.

4.   Upon completion of the P&A Work pursuant to the Bridging Agreement and the P&A Plan, Merit and Black Elk shall work with the applicable sureties, BSEE and BOEM to obtain termination, cancellation or release of the supplemental bonds for decommissioning ("P&A Bonds") related to the applicable leases.[2] Any termination, cancellation, or release of the P&A Bonds is subject to payment of royalties, fees, and penalties, if any, owed by Black Elk to the Department of Interior Office of Natural Resources Revenue. Furthermore, the P&A Bonds shall be released when all decommissioning work for a specific lease is completed, subject to the rights, if any, of the issuers of the P&A Bonds. If individual facilities and wells within a lease are decommissioned, Merit and Black Elk can work with BOEM and BSEE to seek reevaluation of the supplemental bond amount and seek a partial release, partial reduction, or replacement of the corresponding supplemental bond from the surety. Upon any partial or total release of the P&A Bonds, any subsequent release of any P&A Bond Collateral released by the surety, if any, shall be paid first to the P&A Escrow to repay advances made by Merit with the balance to Black Elk. Nothing herein shall be construed as authorizing the release of any area-wide bond for P&A Work. Any previous letter directing the disbursement of cash collateral to a surety remain in full force and effect and cannot be altered in any way.

---

[2] The specific bonds subject to this Order are as follows: SUR0032518 for EC82/ OCS-G08640 by Argonaut Insurance Company; K08025058 for EC 160/ OCS 00541 by Westchester Fire Insurance Company; SUR0032517 for EI 240/ OCS-G 04452 by Argonaut Insurance Company; SU02001 for EI 240/ OCS-G 04452 by Aspen American Insurance Company; K08025071 for GA 190/ OCS-G 20623 by Westchester Fire Insurance Company; and SUR0002615 for MIU A-31/ OCS-G 04537.

5. Pursuant to 11 U.S.C. §§ 363 and 364, any advances from the P&A Escrow for P&A Work shall be entitled to adequate protection if so ordered after notice and hearing. Merit shall be entitled to seek an administrative priority claim with the right to seek superpriority treatment for post-petition amounts advanced for P&A Work from the P&A Escrow, and parties in interest may oppose the relief. Merit shall maintain its first priority lien position and security rights in the P&A Escrow as set forth in the relevant agreements between Black Elk and Merit including, but not limited to, the APA, P&A Escrow Agreement, ESA, and DACA.

6. Nothing herein shall be construed a waiver, limitation, or election of any other rights by Merit or JAB with respect to Black Elk and this bankruptcy case.

7. Nothing herein shall be deemed or construed as an obligation or mandate on Argonaut Insurance Company, Westchester Fire Insurance Company, and Aspen American Insurance Company (collectively, the "Sureties") to release any collateral not otherwise required to be released by Sureties under their particular contracts, security interests and/or contract law or other applicable law.

8. Each advance (or disproportionate payment) made under this Order will be evidenced by a promissory note executed by the Debtor. The promissory note will be enforceable only in accordance with the terms of this Order, and the execution of the promissory note will not expand or alter the parties' rights under this Order or create (independently of this Order, if any) an administrative claim.

9. This Order does not limit the right of any party in interest to seek additional or other relief that is not inconsistent with the relief granted in this Order.

Date: 9-29-15

_____
UNITED STATES BANKRUPTCY JUDGE