# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TURNKEY OFFSHORE PROJECT SERVICES, LLC** | * * * | Civ. No. 2:21-cv-00672 |
| **VERSUS** | * * | MAG. JUDGE: Donna Phillips Currault |
| **JAB ENERGY SOLUTIONS, LLC,** *et al.* | * | |

************************************

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## PARTIAL MOTION TO DISMISS

Defendants, JAB Energy Solutions, LLC ("JAB"), JAB Energy Solutions II, LLC ("JAB II"), Allison Marine Holdings, LLC ("AMH"), and Brent Boudreaux ("Boudreaux") (JAB, JAB II, AMH, and Boudreaux referred to collectively herein as "Defendants"), hereby submit this Memorandum in Support of their Partial Motion to Dismiss. Excluding the breach of contract claim against JAB II, Defendants move for dismissal of the claims asserted by Turnkey Offshore Project Services, LLC ("TOPS") in its original Complaint (R. Doc. 001, the "Complaint") and in its First Amended and Supplemental Complaint (R. Doc. 019, the "Amended Complaint").

## PROCEDURAL HISTORY

On April 1, 2021, TOPS filed its Complaint identifying Boudreaux as a defendant. However, the identity of the defendant entity was unclear as JAB and JAB II are used interchangeably throughout the Complaint. For example, while the Complaint's heading and introduction identify JAB as a defendant, JAB II is the listed in the "Named as Defendants" paragraph of the Complaint. (R. Doc. 001, ¶ IV). As such, Answers were filed on behalf of Boudreaux and "[JAB II], who has been erroneously identified in the caption of this matter as [JAB]." (R. Docs. 007 & 008).

On June 28, 2021, TOPS filed an Amended Complaint, reiterating and adopting "each and every allegation and prayer in [the Complaint] as if copied herein in extenso." (R. Doc. 019, ¶ I). With the Amended Complaint, TOPS re-asserted each allegation of the Complaint, added JAB and AMH as defendants, and included six (6) new paragraphs, XXXVI - XLI. (*Id.* at ¶ I-III).

Paragraphs XXXVI and XXXVII of the Amended Complaint assert the doctrines of single business enterprise under Louisiana law, or in the alternative, alter-ego under Texas law, which are not independent causes of action "but rather … a means of imposing liability on an underlying cause of action."[1] However, the Amended Complaint included four (4) new paragraphs presumably intended as new causes of action:

### XXXVIII.

At all times pertinent, Brent Boudreaux was acting as an agent for JAB, JAB II and Allison Marine when he fraudulently represented the finances available for this job and the payments to be made to TOPS for the work it performed.

### XXXIX.

TOPS alleges that JAB, JAB II, Brent Boudreaux, and Allison Marine all acted in concert to breach the contract with TOPS and have failed/refused to pay TOPS for the work it performed in the removal of the High Island platform.

### XL.

Upon information and belief, Brent Boudreaux and other representatives of the other defendants set up a shell corporation situation, called JAB II, which they used to fraudulently induce TOPS to perform over $9 million of work, while

---

[1] *Mack Energy Co. v. Red Stick Energy, LLC*, No. CV 16-1696, 2019 WL 4887410, at *7 (W.D. La. Oct. 2, 2019) (citations omitted).

knowing that JAB II was a shell corporation without adequate funding to pay TOPS for its work.

### XLI.

Alternatively, if JAB II actually received adequate funding for the work performed by TOPS, the money has been improperly transferred elsewhere by some or all of the defendants, so as to deprive TOPS of its payments for its work.

(R. Doc. 019).

Other than the breach of contract claim against JAB II asserted in the Complaint, the claims asserted by TOPS in its Complaint and Amended Complaint fail to state claims upon which relief can be granted and fail to meet the pleading requirements of Rule 9(b).

## **LAW AND ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the Court must limit its

review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp*., 748 F.3d 631, 635 (5th Cir. 2014).

To survive a motion to dismiss, allegations of fraud must "state with particularity the circumstances constituting fraud," although "intent [and] knowledge ... may be alleged generally." Fed. R. Civ. P. 9(b). "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp*., 125 F.3d 899, 901 (5th Cir. 1997). As it must when considering an ordinary 12(b)(6) motion, a court evaluating a motion to dismiss on Rule 9(b) grounds must accept all of the plaintiff's factual allegations as true. *See In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2009). Nevertheless, the heightened pleading requirement of Rule 9(b) is an "additional burden" that exceeds the general requirement that a plaintiff's allegations state "a legally cognizable claim that is plausible." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032, 1034 (5th Cir. 2010) (per curiam). Rule 9(b) protects defendants' reputations from being harmed by unsupported allegations of fraud. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). In light of this policy, the Fifth Circuit "interprets Rule 9(b) strictly," *Herrmann Holdings Ltd. v. Lucent Techs. Inc*., 302 F.3d 552, 564 (5th Cir. 2002), and therefore requires a plaintiff to allege the "who, what, when, where, and how" of the fraud, *Benchmark Elecs. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. 2003). To do so successfully, it must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc*., 112 F.3d 175, 177 (5th Cir. 1997). The lack of specific information on any of these elements is fatal to a fraud claim. *See, e.g., Kreway v. Countrywide Bank, FSB*, 647 F. App'x 437, 438 (5th Cir. 2016) (per curiam) (dismissing fraud claim based on

alleged forgery when complaint specified neither identity of forger nor time, place, and manner of execution); *Dawson v. Bank of Am., N.A.*, 605 F. App'x 263, 266 (5th Cir. 2015) (per curiam) (dismissing fraud allegations despite complaint's emphasis on the "purportedly 'malic[ious],' 'unconscionable,' and 'predatory' nature of the Bank's conduct" when complaint failed to specify the particular circumstances surrounding the alleged fraud); *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (dismissing fraud claim based on defendant's alleged misrepresentation of a commitment to provide services when plaintiff failed to "allege when or how this commitment was made or who at Humana made it"); *Williams*, 112 F.3d at 178-79 (dismissing fraud claim because complaint did not state the place or time of the alleged misrepresentations).

### **Fraud Claims**

As an initial matter, the fraud claims in the Amended Complaint should be dismissed for failing to distinguish among the Defendants, or their unnamed representatives, as required to enlighten each defendant as to their part in the alleged fraud. The Amended Complaint asserts that Boudreaux was acting as an agent for JAB, JAB II, and AMH when he "fraudulently represented the finances available for this job and the payments to be made to TOPS for the work it performed" (R. Doc. 019, ¶ XXXVIII), and that Boudreaux "and other representatives of the other defendants set up a shell corporation situation, called JAB II, which they used to fraudulently induce TOPS." (*Id.* at ¶ XL). In asserting a claim for fraud, "[g]roup pleading is not permissible; instead, the plaintiff must plead specific facts describing the fraud allegedly committed by each defendant." *Alford v. Chevron U.S.A. Inc.*, 13 F.Supp.3d 581, 594 (E.D. La. 2014); *see also Watson v. Arkoma Dev., LLC*, CV 17-1331, 2018 WL 6274070, at *10 (W.D. La. Nov. 15, 2018) (dismissing claim for fraudulent concealment because the "[p]laintiffs have merely engaged in 'group pleading,'

5

which is insufficient under Rule 9(b)"). The Amended Complaint fails to what actions Boudreaux took as agent for which Defendant, who the "other representatives of the other defendants" are, or to define the "they" that used the "shell corporation situation" to fraudulently induce TOPS. Therefore, TOPS fraud claims utilizing "group pleading" should be dismissed.

The Complaint avers that Boudreaux "purposefully and intentionally misled TOPS as to the financial wherewithal of JAB II, so as to fraudulently induce TOPS to undertake this work for him and JAB II." (R. Doc. 001, ¶ XXXIV). Similarly, the Amended Complaint asserts that Boudreaux was acting as an agent for JAB, JAB II, and AMH when he "fraudulently represented the finances available for this job and the payments to be made to TOPS for the work it performed" (R. Doc. 019, ¶ XXXVIII). The Complaint and Amended Complaint fail to allege the who, what, when, where, and how of Boudreaux's alleged fraud as required by Rule 9(b). The Complaint and Amended Complaint aver that Boudreaux "intentionally misled TOPS as to the financial wherewithal of JAB II" and "fraudulently represented the finances available for this job" but fail to state who these representations were made to, what specifically Boudreaux said, when specifically he said it, where it was said, or how these unknown representations constitute fraud. TOPS' failure to do so requires the dismissal of the fraud claims against Boudreaux.

To the extent TOPS intended to assert a claim for fraud by silence or omission against Boudreaux, TOPS fails to identify any duty Boudreaux had to speak or to disclose information. *See Greene v. Gulf Coast Bank,* 593 So.2d 630 (La. 1992); *Chateau Homes by RJM, Inc. v. Aucoin,* 97 So. 3d 398, 405 (La. App. 5th Cir. 2012); *Terrebonne Concrete, LLC v. CEC Enterprises, LLC,* 76 So.3d 502, 509 (La. App. 1st Cir. 2011). Under Louisiana law, there is no general duty to disclose material financial information unless "the parties stand in some confidential or fiduciary relation to one another." *See Louisiana State Univ. Sys. Research & Tech. Found. v. Qyntessa*

6

*Biologics, L.L.C.,* 168 So. 3d 468, 474 (La. App. 1st Cir. 2014). TOPS' failure to identify any legal duty Boudreaux had to disclose financial information further requires the dismissal of the fraud claims under Rule 12(b)(6).

Similarly, TOPS' fraudulent inducement claims must be dismissed for failing to provide the requisite specificity. TOPS alleges that Boudreaux intentionally misled TOPS as to the "financial wherewithal" of JAB II (Doc. 001, ¶ XXXIV) and that Boudreaux and "other representatives of the other defendants" set up a "shell corporation situation" that "they" used to (Doc. 019, ¶ XL) fraudulently induce TOPS to perform the High Island work. To begin, "financial wherewithal" and "shell corporation situation", in addition to being highly ambiguous, wholly fail to rise to the level of particularity required to allege fraud. Regardless, fraud cannot be based on mere "speculation and conclusory allegations." *U.S. ex rel. Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 385 (5th Cir. 2003). To adequately plead fraud, TOPS must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002) (*citing Williams v. WMX Technologies, Inc*., 112 F.3d 175, 177 (5th Cir. 1997)). Again, TOPS has failed to satisfy the pleading requirements for its fraud claims, requiring their dismissal.

As stated, TOPS' fails to state fraud claims upon which relief can be granted, nor do these claims provide Defendants with the requisite notice to be able to discern what the actual claims are against them. Therefor TOPS' fraud claims should be dismissed.

### **Acting in Concert**

In paragraph XXXIX of the Amended Complaint, TOPS alleges that JAB, JAB II, Boudreaux, and AMH "all acted in concert to breach the contract with TOPS." (R. Doc. 019, ¶

XXXIX). This appears to be an attempt to assert a cause of action for breach of contract against Defendants. However, TOPS affirms in the Complaint that the contract at issue was between TOPS and JAB II. (R. Doc. 001, ¶ IX). Therefore, TOPS has no breach of contract claim against JAB, AMH, or Boudreaux and these claims should be dismissed. To the extent that TOPS is attempting to allege a civil conspiracy against Defendants, Louisiana law does not recognize an action for civil conspiracy independent of an underlying alleged tort. *See Tepsic v. Nat'l R.R. Passenger Corp.*, No. CIV. A. 94-1849, 1995 WL 448010, at *1 (E.D. La. July 26, 1995) *citing Junior Money Bags, Ltd. v. Segal*, 798 F.Supp. 375, 379 (E.D. La. 1990). Alternatively, if this allegation is an extension of TOPS' fraud claim, it fails as "group pleading" and for failing to provide the "who, what, when, where, and how" of the alleged fraud as to each defendant. Regardless of TOPS' actual intent, its "acting in concert" claim must be dismissed.

## **Unjust Enrichment**

TOPS asserts that it is entitled to damages under the law of unjust enrichment. (R. Doc. 001, ¶ XXXIII). However, having admitted the existence of a contract, TOPS is not entitled to the remedy of unjust enrichment. As a matter of substantive Louisiana law, a plaintiff's claim for unjust enrichment fails if another remedy exists at law. *Bureau Veritas Commodities & Trade, Inc. v. Nanoo*, No. CV 20-3374, 2021 WL 2142466, at *8 (E.D. La. May 26, 2021) (*citing Walters v. MedSouth Rec. Mgmt., LLC*, 2010-0353, 38 So. 3d 243, 244 (La. 2010)). TOPS' unjust enrichment claim is based on TOPS' provision of services and Defendants' failure to pay. The same alleged conduct is the basis of TOPS' other claims in this litigation. Therefore, TOPS' unjust enrichment claim should be dismissed.

Respectfully submitted,

**MILES THOMAS LAW, LLC**
Counsel for JAB Energy Solutions, LLC,
JAB Energy Solutions II, LLC,
Allison Marine Holdings, LLC, and
Brent Boudreaux

/s/ Miles C. Thomas
Miles C. Thomas, Esq. T.A. #31342
8011 Sycamore Street
New Orleans, LA 70118
(864) 380-3838
mthomas@milesthomaslaw.com

August 16, 2021