UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TURNKEY OFFSHORE PROJECT SERVICES, LLC ("TOPS") | * * * | NO: 2:21-cv-00672 |
| | * | JUDGE AFRICK |
| VERSUS | * * | |
| JAB ENERGY SOLUTIONS, LLC and BRENT BOUDREAUX, | * * | MAGISTRATE CURRAULT |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
 PARTIAL MOTION TO DISMISS**

Defendants have moved, pursuant to Rule 12(b)(6), F.R.C.P. for a dismissal of all claims asserted against them in the original and Amended and Supplemental Complaints, other than the breach of contract claim asserted against JAB Energy Solutions II, LLC.

The purpose of a motion to dismiss for failure to state a claim is to expedite a hearing on the merits of an action and to assess the legal feasibility of the complaint, not to outfit a party with tactical armaments for delay and harassment of his adversary or to weigh the evidence which the plaintiff offers or intends to offer. A motion should not be granted on grounds that possibility of ultimate recovery is remote *FRA S. p. A. v. Surg-O-Flex of America, Inc.*, 415 F.Supp. 421, 194 U.S.P.Q. 42, (S.D.N.Y.1976) *Schieffelin & Co. v. Jack Co. of Boca, Inc.,* 725 F.Supp. 1314, 13 U.S.P.Q.2d 1704. (S.D.N.Y.1989)

Plaintiff, TOPS, submits that

> The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Collins v. Morgan Stanley*

1

> *Dean Witter,* 224 F.3d 496, 498–99 (5th Cir.2000). The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Further, as the claims sound in fraud and negligent misrepresentation, Appellants must plead the misrepresentations with particularity under Fed. Rule Civ. Proc. 9(b). *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 723–24 (5th Cir.2003)

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). [1]

However, "[f]raud may be pled on information and belief when the facts constituting the fraud are peculiarly within the defendants' knowledge, as long as the plaintiff sets forth the factual basis for its belief." *Alford v.Chevron USA, Inc.,* 13 F. Supp. 3d 581, (E.D. La. 2014). Moreover, Courts should "freely give leave" to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2) , *Id*. at 610.

### I. The Fraud Claims

#### a. In the Original Complaint

As evidenced by the exhibits attached to the Original Complaint, (R. Doc. 1, 1-1, 1-2 and 1-3) after signing a Master Service Agreement with TOPS in June of 2018 JAB II, through Boudreaux began negotiations with TOPS for the removal of HI A370 in July of 2020. In September 2020, TOPS was asked to submit a bid letter for the proposed removal of a platform identified as HI (High Island) 370A by Brent Boudreaux, who affirmatively represented that the job needed to be completed before the end of the year, although the season for the removal of platforms in the Gulf of Mexico was nearing an end. In this business, the work generally runs from May 1 until around the end of September because of the increasing frequency of bad weather, which requires platform removal jobs to cease until the sea calms down. Accordingly, TOPS

---

[1] Defendants cite Louisiana law when necessary as the applicable substantive law. TOPS would note that while it maintains that Maritime Law is applicable, as pointed out by the Court, that issue is still subject to resolution in this matter.

discussed with Boudreaux that if the work was to be performed all of the weather charges would be on JAB, which Boudreaux agreed was acceptable.

On September 25, 2020 TOPS and JAB II entered into a Work Order for the removal and salvage of the HI370A, which work began in early October 2020 (R. Doc. 1-3).  At no time during any of these discussions did Brent Boudreaux disclose that there was any limitation on funding, that the funding was coming from a bankruptcy proceeding or there would be any restrictions on the payment for this work.  The inference that these facts give rise to are that notwithstanding Boudreaux's knowledge that the Bankruptcy Court had allocated limited funds for the removal of the platform, he agreed to pay TOPS a day rate and to assume the liability for bad weather charges as part of the contract, knowing that in all likelihood the bankruptcy funds would not cover the cost of removal.  Moreover, given the recently discovered precarious nature of JAB II's financial wherewithal, and its indebtedness to secured creditors, Boudreaux clearly never intended to be able to make up any shortfall.  As subsequent investigations have revealed, many of the details underlying the business relationships which make Boudreaux's actions on behalf of JAB II and on his own behalf fraudulent and/or comprise fraudulent inducement are facts which were "peculiarly in his knowledge".   As Boudreaux so succinctly stated when asked in his deposition if he had advised TOPS of any of these facts, he stated it was none of their business. To the contrary, it was fraudulent for him to include them into this contract, knowing full well they would not get paid for the work they did.

These facts, as detailed in the exhibits, were set out in Paragraphs XV, XXIII, XXIV, and XXV of the Complaint, and along with Boudreaux's own 'particular' knowledge gave him sufficient information to understand the claims being made against him. Therefore, TOPS asserts that under the circumstances the specificity requirements of FRCP, Rue 9(b) have been met.

### b. In The Amended Complaint

Defendants complain that the fraud claims in the Amended Complaint should be dismissed for a failure to distinguish among the Defendants and their unnamed representatives. However, as noted in the memorandum in support of Plaintiff's Motion for Leave to file an Amended Complaint,[2] ( R. Doc. 16-1) part of the alleged fraud is the inability to distinguish among JAB, JAB II, Allison Marine and their respective representatives because of the apparent unified administrative control, intermingling of assets, officers and the excessively fragmented nature of Allison Marine.[3] As noted in the memorandum in support of leave to file an amended complaint, filed in conjunction with the amended complaint, (R. Doc. 16-1) " there is reason to believe that all funding and invoice payments are done through Allison Marine regardless of with whom the contract was made." Moreover, the additional Defendants are specifically named, JAB and Allison Marine. In addition, the 'representatives' referenced in the Amended Complaint are identified in the documents filed in conjunction with the Motion for Leave and the Amended Complaint, being those agents and officers associated with JAB, JAB II and Allison Marine. Therefore, Defendants' argument regarding "group pleading" should be rejected. Likewise, the argument regarding a lack of specificity as to the fraud claims against Boudreaux are in large part a repetition of the argument addressed above as to the Original Complaint only now the fraud claims are additionally supported

---

[2] The Court can consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). In this case TOPS submits that the Amended Complaint includes the Motion For Leave and Memo in Support and the exhibits attached thereto as attachments which can be considered.

[3] [F]raud may be pled on information and belief when the facts constituting the fraud are peculiarly within the defendants' knowledge, the plaintiff must still "set[ ] forth the factual basis for his belief." *United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.,* 193 F.3d 304, 308 (5th Cir.1999), *overruled on other grounds by United States ex rel. Eisenstein v. City of New York,* 556 U.S. 928, 129 S.Ct. 2230, 173 L.Ed.2d 1255 (2009)

by the facts and documents disclosed in conjunction with the Amended Complaint showing the intermingling of control and finances among all of the defendants.

While exact times, dates and places and other facts associated with the fraudulent inducement claims against the defendants cannot be supplied until additional discovery is done, defendants are clearly on notice that the claims involve the October 2020 Work Order between JAB II and TOPS, the undisclosed wholly owned subsidiary status of JAB II and its financial instability in October of 2020, along with the inter-relationships and mingling of funds among Boudreaux, JAB, JAB II, and Allison Marine, as well as the intent to direct funds intended to pay for the removal of HI A370 to the payment of the loan debt of Allison Marine and its wholly owned subsidiaries. These are all facts that not only have been "peculiarly within the knowledge" of defendants, they had been hidden and protected from disclosure and are only now becoming available to Plaintiff, TOPS.

### II. Acting in Concert/Alter Ego/Single Business Enterprise

Contrary to defendants' transparent captioning and commentary on TOPS possibly seeking to assert a cause of action for breach of contract or civil conspiracy against JAB and Allison Marine, as a result of their "acting in concert", paragraph XXXVI of the Amended Complaint clearly states that:

> At all pertinent times herein, JAB, JAB II, and Allison Marine were acting as one and the same, and thereby under the doctrine of single business enterprise under Louisiana law or in the alternative, as alter-egos under Texas law, thus rendering JAB, JAB, II and Allison Marine equally liable for the debts owed to TOPS in this matter.

So, while TOPS is definitely asserting that Allison Marine, JAB and Boudreaux are all liable for the debt owed to TOPS by JAB II pursuant to *its* breach of contract detailed in the Original

Complaint, their liability, as opposed to JAB II, is based on their status as alter egos or a single business enterprise with JAB II, making them equitably liable for its debts.

> [A]showing of fraud is not required to succeed under a single business enterprise theory claim in Louisiana.³ *See id.* at 259 ("Upon finding that a group of corporations constitute a 'single business enterprise,' the court may disregard the concept of corporate separateness to extend liability to each of the affiliated corporations to prevent fraud *or to achieve equity*.") (emphasis added, internal citations and footnote omitted)

*Aker Solutions, Incorporated v. Shamrock Energy Solutions, L.L.C.*, 820 Fed. Appx. 243, 247 (5 Cir. 2020)

> [U]nder Texas law, courts do not hesitate to ignore the corporate form when it "has been used as part of a basically unfair device to achieve an inequitable result." *Castleberry v. Branscum,* 721 S.W.2d 270, 271 (Tex.1986).
>
> ************************************************************
>
> The *Castleberry* court defined alter ego as when "a corporation is organized and operated as a mere tool or business conduit of another corporation." *Castleberry,* 721 S.W.2d at 272;

*Western Horizontal Drilling, Inc. v. Jonnet Energy Corp.,* 11 F3d. 65, 67-68 (5 Cir. 1994)⁴

Because this claim is not a fraud based claim, the more stringent pleading requirements of Rule 9 (b) do not apply, and TOPS submits that the pleadings in the Amended and Supplemental Complaint put Boudreaux, JAB and Allison Marine on notice that it seeks to hold them liable for the debts of JAB II under the applicable theory of 'alter ego'.

---

⁴ TEX.REV.CIV.STAT.ANN. art. 2.21 A(3) (Vernon Supp.1993). The amendments overruled *Castleberry* to the extent that a failure to observe corporate formalities is no longer a factor in proving the alter ego theory in contract claims. *Farr v. Sun World Sav. Ass'n,* 810 S.W.2d 294, 296 (Tex.App.1991); *Villar,* 990 F.2d at 1496 n. 8 & 1500; *Fidelity & Deposit Co.,* 976 F.2d at 275. Thus, to pierce the corporate veil using the alter ego theory in a contract claim, the claimant must look to the remaining factors outlined in *Castleberry. Id.*

### III. Unjust Enrichment

It does not appear that defendants are complaining about the clarity of TOPS' pleading as to the claim for unjust enrichment, but rather that it is foreclosed by the assertion of a contract claim. However, as discussed above, TOPS agrees that it does not have a cause of action against Boudreaux, JAB or Allison Marine for breach of contract. Rather, as detailed above regarding "alter ego" theories and at pages 20 – 23 of this Court's Order and Reasons (R. Doc. 36) ruling on TOP's Motion for a TRO, TOPS' claims against these defendants, including the claim for Unjust Enrichment, are *equitable* in nature, have been adequately pled and therefore are not subject to dismissal as prayed for in this motion.

### IV. Conclusion

For the reasons stated above TOPS submits that Defendants' Partial Motion to Dismiss should be denied.

Respectfully submitted,

NALLEY AND DEW
A Professional Law Corporation

*/s/ George Nalley/*

_____
GEORGE J. NALLEY, JR.      (9883)
DONA J. DEW                (1329)
Suite 100
2450 Severn Avenue
Metairie, LA 70001
(504) 838-8188

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 24th day of August, 2021 served a copy of the foregoing pleading on counsel for all parties to this proceeding by email, facsimile, and/or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

*[signature]*

_____
NALLEY AND DEW, APLC