# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TURNKEY OFFSHORE PROJECT SERVICES, LLC** | * * * | Civ. No. 2:21-cv-672 DPC |
| | * | MAG. JUDGE: Donna Phillips Currault |
| **VERSUS** | * * | |
| **BRENT BOUDREAUX, JAB ENERGY SOLUTIONS, LLC, JAB ENERGY SOLUTIONS II, LLC, & ALLISON MARINE HOLDINGS, LLC** | * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION TO TOPS' MOTION TO CONSOLIDATE

Defendants, JAB Energy Solutions, LLC ("JAB"); JAB Energy Solutions II, LLC ("JAB II"); Allison Marine Holdings, LLC ("AMH"); and Brent Boudreaux ("Boudreaux") (JAB, JAB II, AMH, and Boudreaux referred to herein collectively as "Defendants"), hereby oppose the Motion to Consolidate ("Motion", R. Doc. 38) filed by plaintiff, Turnkey Offshore Project Services, LLC ("TOPS"). With its Motion, TOPS moves this Court to consolidate this action (CA # 2:21-cv-00672), filed on April 1, 2021 (the "TOPS Suit"), with the action filed by Offshore Technical Solutions, LLC ("OTS") (CA # 2:21-cv-00939), filed on May 12, 2021 (the "OTS Suit") and the action filed by C-Dive, L.L.C ("C-Dive") (CA #2-21-cv-1426), filed on July 27, 2021 (the "C-Dive Suit"). For the reasons stated herein, TOPS' Motion should be denied. In the alternative, should this Court determine that consolidation is appropriate, Defendants assert that consolidation should be limited to pre-trial discovery purposes with the issuance of a new, universal scheduling order and guidance from the Court on procedures to avoid additional prejudice to Defendants.

**PROCEDURAL HISTORY**

I.  *The TOPS Suit*

On April 1, 2021, TOPS filed its Complaint averring that this was "a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333(1), and within the meaning of the Federal Rules of Civil Procedure 9(h) [sic], as this cause of action arises out of a breach of a maritime contract for the removal of offshore platforms in the Gulf of Mexico." ("TOPS' Complaint", R. Doc. 1, at ¶ I). While TOPS' Complaint identified Boudreaux as a defendant, the identity of the defendant entity was unclear as JAB and JAB II were used interchangeably throughout TOPS' Complaint.[1] TOPS' Complaint asserted claims for breach of contract and unjust enrichment against JAB II (*Id.* at ¶¶ XXXII & XXXIII) and fraud claims against Boudreaux (*Id.* at ¶ XXXIV). Answers were filed on behalf of Boudreaux and "[JAB II], who has been erroneously identified in the caption of this matter as [JAB]." (R. Docs. 7 & 8).

At the same time, TOPS also served its First Set of Requests for Admission of Fact, Interrogatories, and Requests for Production of Documents on JAB II and Boudreaux. JAB II and Boudreaux responded on June 15, 2021, with supplemental responses provided on July 6, 2021.

On May 11, 2021, a Scheduling Order was entered setting a September 20, 2021 deadline for discovery and depositions, with trial to commence on December 6, 2021, estimated to last 3 days. (R. Doc. 11).

On June 28, 2021, TOPS filed its First Amended and Supplemental Complaint, reiterating and adopting "each and every allegation and prayer in his [sic] original Complaint as if copied herein in extenso." ("TOPS' Amended Complaint", R. Doc. 19, ¶ I). TOPS added JAB and AMH as defendants and included six (6) new paragraphs, XXXVI - XLI. (*Id.* at ¶ I-III). Paragraphs

---

[1] For example, while TOPS' Complaint's heading and introduction identify JAB as a defendant, JAB II is the listed in the "Named as Defendants" paragraph of the Complaint. (R. Doc. 001, ¶ IV).

XXXVI and XXXVII of TOPS' Amended Complaint asserted the doctrines of single business enterprise under Louisiana law, or in the alternative, alter-ego under Texas law, which are not independent causes of action "but rather … a means of imposing liability on an underlying cause of action." *Mack Energy Co. v. Red Stick Energy, LLC*, No. CV 16-1696, 2019 WL 4887410, at *7 (W.D. La. Oct. 2, 2019) (citations omitted). With the remaining paragraphs, TOPS' Amended Complaint asserted that 1) Boudreaux, while acting as an agent for JAB, JAB II, and AMH, "fraudulently represented the finances available for this job and the payments to be made to TOPS for the work it performed" (R. Doc. 19 at ¶ XXXVIII); 2) Defendants "all acted in concert to breach the contract with TOPS" (*Id.* at ¶ XXXIX); 3) "Boudreaux and other representatives of the other defendants set up a shell corporation situation, called JAB II, which they used to fraudulently induce TOPS to perform over $9 million of work, while knowing that JAB II was a shell corporation without adequate funding to pay TOPS for its work" (*Id.* at ¶ XL); and 4) in the alternative, "if JAB II actually received adequate funding for the work performed by TOPS, the money has been improperly transferred elsewhere by some or all of the defendants, so as to deprive TOPS of its payments for its work." (*Id.* at ¶ XLI).

On July 13, 2021, TOPS took Boudreaux's deposition. On July 21, 2021, TOPS filed a Motion for Temporary Restraining Order and Injunction ("TRO Motion", R. Doc. 21), which was referred to this Court for report and recommendation on July 22, 2021. (R. Doc. 23). On July 26, 2021, a hearing was held on the TRO Motion, with additional briefing requested by this Court. (R. Doc. 30). On August 9, 2021, the parties consented to proceed before this Court in accord with 28 U.S.C. 636(c). (R. Doc. 35). On August 10, 2021, this Court issued its Order granting in part and denying in part the TRO Motion, freezing the funds as described in the High Island Funding Term Sheet (the "HIFTS Funds", ECF No. 24-4). (R. Doc. 36).

On August 16, 2021, Defendants moved to dismiss all claims asserted by TOPS in its Complaint and Amended Complaint, excluding the breach of contract claim against JAB II, which is set for submission on September 1, 2021 (R. Doc. 37), with a pending request for oral argument (R. Doc. 39). On the same date, TOPS filed this Motion. (R. Doc. 38).

On August 17, 2021, non-party Offshore Domestic Group, LLC ("ODG") filed a Notice of Related Case regarding litigation between ODG and JAB II in Harris County, Texas, Cause No. 2016-48155-A. (R. Doc. 40).

## II. *The OTS Suit*

On May 12, 2021, OTS filed its Complaint against JAB, JAB II, and AMH asserting "jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction, as this matter arises under the Outer Continental Shelf and Lands Act, 43 U.S.C. § 1331, *et seq.*" (OTS Suit, R. Doc. 1 at ¶ 2). The OTS Suit was assigned to District Judge Wendy B. Vitter. With its Complaint, OTS asserted that JAB, JAB II, and AMH were all "acting as a single business enterprise as that term is defined in Louisiana and/or alter-egos of one another as those terms are defined under Texas law and the laws of other jurisdictions." (*Id.* at ¶ 34). OTS claimed damages in the amount of $564,467.64 and alleged counts against JAB, JAB II, and AMH for breach of contract and, in the alternative, open account (*Id.* at Counts I & II). However, OTS made no fraud claims nor did OTS assert any claims against Boudreaux.

On June 7, 2021, Answers were filed on behalf of JAB, JAB II, and AMH. (*Id.*, R. Docs. 8, 9, & 10). On July 9, 2021, a Scheduling Order was entered with a discovery and deposition cut-off of November 22, 2021, and a trial date of February 8, 2022, estimated to last 7 days. (*Id.*, R. Doc. 13). On August 4, 2021, the OTS Suit was transferred to this Section, and the parties consented to proceed before this Court on August 9, 2021. (*Id.,* R. Docs. 17 & 18). On August 12,

4

2021, OTS moved to consolidate its Suit with the TOPS Suit. (*Id.,* R. Doc. 19). To date, no discovery has been exchanged or depositions taken.

### III.     *The C-Dive Suit*

On July 27, 2021, C-Dive filed its Complaint against JAB, JAB II, and AMH asserting that this was "a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333(1), and within the meaning of the Federal Rules of Civil Procedure 9(h) [sic], because this cause of action arises out of a breach of a maritime contract for work substantially involving use of a vessel on navigable waters for the decommissioning and removal of offshore oil and gas platform(s) or facility(ies) in the Gulf of Mexico." (C-Dive Suit, R. Doc. 1 at ¶ 2). The C-Dive Suit was assigned to District Judge Greg Gerard Guidry. With its Complaint, C-Dive asserted that JAB, JAB II, and AMH "are liable, jointly, severally and *in solido*, unto [C-Dive], as alter-egos of one another, or, alternatively, as a single business enterprise (or single economic entity), or as co-obligors for the sum of $380,492.00." (*Id.* at ¶ 25). However, C-Dive did not have a signed contract for the work it performed. (*Id.* at ¶ 11). Therefore, C-Dive asserted a claim for open account and a claim for quantum meruit and unjust enrichment. (*Id.* at Counts One and Three). C-Dive did not assert a breach of contract claim, fraud claim, or claims against Boudreaux.

On August 4, 2021, the C-Dive Suit was transferred to this Section, and the parties consented to proceed before this Court on August 9, 2021. (*Id.*, R. Docs. 14 & 15). On August 12, 2021, C-Dive moved to consolidate its Suit with the TOPS Suit. (*Id.*, R. Doc. 16). To date, a Scheduling Order has not been entered in the C-Dive Suit, nor has discovery been exchanged or depositions taken.

On August 20, 2021, JAB, JAB II, and AMH moved to dismiss C-Dive's Complaint, which is set for submission on September 8, 2021. (*Id.*, at R. Doc. 17).

## LEGAL STANDARD AND ARGUMENT

Federal Rules of Civil Procedure, Rule 42 states:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. Pro. 42.

"Even a cursory reading of Rule 42(a)'s plain language reveals three facts: first, as the verb 'may' underscores, consolidation is discretionary; second, before consolidation can even be considered, at least one common question of fact or law must exist; and third, such a congruence does not mandate consolidation . . . ." *Varnardo v. Leblanc*, 2016 WL 320146, at *2 (W.D. La. 2016). In weighing consolidation, numerous factors are considered, including whether the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial. *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 U.S. Dist. LEXIS 50103, at *4, 2013 WL 1411773, at *1–2 (W.D. Tex. Apr. 8, 2013). Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial. *See, e.g., St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d

978, 990 (5th Cir. 1983); *F.D.I.C. v. Lewis*, No. 2:10-cv-439-JCM-VCF, 2016 U.S. Dist. LEXIS 5409, at *3, 2016 WL 199415 (D. Nev. Jan. 15, 2016). Moreover, the party seeking it bears the burden of establishing that judicial economy outweighs the risk of delay or potential prejudice to the opposing party. *See, e.g., Rajala v. Gardner*, No. 09-2482-EFM, 2011 U.S. Dist. LEXIS 145961, at *3–4, 2011 WL 6180691 (D. Kan. Dec. 19, 2011).

## I. **Different Stages of Preparedness for Trial**

TOPS' Motion should be denied because the cases "are at different stages of preparedness for trial." Different stages of preparedness for trial is a significant factor, which courts often set out separately. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989); *Varnardo v. Leblanc*, 2016 W.L. 320146 at *2 ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial. *See*, *e.g.*, *St. Bernard Gen. Hosp.,* 712 F.2d at 990); *CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein Hilbert, L.L.C.*, 2010 WL 11538480 *3 (E.D. La. 2010) ("In addition, '[c]onsolidation may be properly denied where the cases are at different stages of preparedness for trial.' *Mills*, 886 F.2d at 762"); *Clark v. Louisiana*, 2012 WL 4471187 *1 (M.D. La. 2012) ("Another factor to be considered is whether the cases are at the same stage of preparation for trial"); *Richard v. Doe*, 1994 WL 66745 (E.D. La. 1994) ("Finally, consolidation may properly be denied when the pending actions 'are at different stages of preparedness for trial.' *Mills*, 886 F.2d at 762").

In *Mills* the Fifth Circuit affirmed an order denying consolidation where the trial court noted that counsel objecting to consolidation "had advised the court 'he did not want to be confined to the discovery performed or the pretrial order submitted in Mills; and that he expected the need to designate several experts and depose certain Beech employees which have not and will not be designated or deposed by the Mills' plaintiffs.'" 886 F.2d at 762.

7

In *Varnardo*, the court denied in part the plaintiffs' motion to consolidate, stating:

> With rulings on dispositive motions not yet made and discovery having begun or concluded in some, but not, all cases, this Court sees no good reason to order consolidation for trial at this time. *See St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 990. When evidence is still being sought and gathered, there is no way to properly balance the varied factors that court consider under Rule 42(a) with the kind of rigor that such discretionary decisions impliedly demand. . .. In other words, *these cases appear to be in different stages . . .*."

*Varnardo,* 2016 WL 320146, at * 3 (Emphasis added). Therefore, the court denied the motion to consolidate for trial, but granted the motion to consolidate for discovery purposes. *Id.*; *see also CEF Funding*, 2010 WL 11538480 at *3 (noting that the cases were in different stages regarding motions for summary judgment, which weighed against consolidation); *Clark,* 2012 WL 4471187 at *2 (the first reason the court set out for denying consolidation was "the cases are at different stages of pretrial development.").

Moreover, in *St. Bernard Gen. Hosp.*, 712 F.2d at 789-90 (5th Cir. 1983), the Fifth Circuit affirmed an order denying consolidation based solely on the ground that the cases were in different stages, stating: "In the case before us, the district judge gave detailed reasons for his denying the motion to consolidate. Some of the reasons given for the ruling are difficult to accept. However, the district judge also ruled that consolidation would be improper because the cases were at different stages of preparedness for trial."

The three suits that are the subject of this Motion are all at different stages of preparedness for trial. Discovery is set to end in the TOPS Suit in less than a month, on September 20th, with a three-day trial scheduled for December 6, 2021. To date, Boudreaux's deposition has been taken by TOPS, and JAB II and Boudreaux have responded to discovery from TOPS. Depositions of TOPS' key employees are scheduled in the coming weeks, with the deposition of JAB II's C.F.O.

8

to be taken on September 14, 2021.[2] The OTS Suit has a discovery and deposition cut-off of November 22, 2021, with a 7 day trail scheduled for February 8, 2022. As of this date, no discovery has been performed in the OTS Suit. As for the C-Dive Suit, no discovery has been performed, nor has a Scheduling Order been entered. Additionally, motions to dismiss are pending in both the TOPS Suit and the C-Dive Suit, to be submitted on September 1 and September 8, respectively. To require JAB, JAB II, and AMH to perform all of their requisite discovery on the claims asserted by OTS and C-Dive prior to September 20, and prepare to defend against all three Suits for a December 6, 2020 trial where the actual claims going forward will likely not be known until October of 2020 is not just prejudicial, it is impossible.

Undersigned counsel raised these concerns to counsel for TOPS, OTS, and C-Dive, but TOPS' counsel maintained that the three Suits should be consolidated *in toto*. *See attached,* Exhibit A. Defendants are not willing to be restrained by the discovery deadlines or trial date in the TOPS Suit in defending the OTS and C-Dive Suits. Additionally, with motions to dismiss pending in two of the suits, what claims will remain to be litigated in the three Suits is an unknown. As it is abundantly clear that each of the three Suits is at a different stage of preparedness for trial, TOPS' Motion should be denied.

**II.     Different and Distinct Questions of Fact and Law, and Separate Transactions**

Consolidation should also be denied because the three Suits involve different and distinct questions of fact and law, and are based on separate transactions. "Consolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay." *Mills*, 886 F.2d at 761-62. "While it is required that a common question of law or fact be present as a prerequisite to

---

[2] Counsel for Defendants is negotiating a stipulation allowing counsel for C-Dive and OTS to attend these depositions, but a final agreement has not been reached as of the time of this filing.

consolidation, the mere presence of a common question does not require consolidation." *Xavier v. Belfor USA Group, Inc.*, 2008 WL 4862543 *1 (E.D. La. 2008). Further, consolidation is properly denied when the transactions forming the basis of the suits are separate, or where consolidation would prejudice the rights of the parties involved. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1983). In *Alley v. Chrysler Credit Corp.*, the Fifth Circuit affirmed the district court's denial of consolidation where the plaintiffs, subsequent purchasers of the same vehicle, alleged odometer tampering against the same defendants. The court noted that although the same vehicle and defendants were involved in the two cases, the transactions forming the bases of the lawsuits were separate. *Id.*

Contrary to the Motions for Consolidation filed in each of the Suits, each involves different and distinct questions of fact and law. To begin, the TOPS Suit includes Boudreaux as a party in addition to JAB, JAB II, and AMH whereas the OTS and C-Dive Suits are only against the three entities. The TOPS Suit asserts claims for breach of contract, unjust enrichment, and fraud. However, as noted in Defendants' Motion to Dismiss, TOPS has no unjust enrichment claim having acknowledged the existence of a contract. Assuming Defendants are successful in dismissing TOPS' other claims, TOPS will be left with a breach of contract claim. If not, TOPS will have the burden of establishing the extensive fraud it has alleged in addition to carrying the burden on its other claims. Proving the "nefarious" actions that TOPS alleges Defendants engaged in will be an extremely fact-intensive endeavor requiring extensive discovery wholly unrelated to the claims asserted by OTS and C-Dive. OTS asserts a claim for breach of contract, and in the alternative, open account. However, OTS' breach of contract claim should preclude its open account claim. But, OTS' breach of contract claim is premised upon the master service agreement it executed with JAB II, the work that it performed, and the invoices that it sent, all separate and

distinct from the agreement executed between JAB II and TOPS, the work performed by TOPS, and the invoices TOPS submitted. Finally, as C-Dive avers that it has no executed contract, its' claims are first premised upon open account, and then in the alternative, the quasicontractual remedies of quantum meruit and unjust enrichment. A motion to dismiss both of C-Dive's claims is pending before this court. However, C-Dive's work and invoicing are likewise separate and distinct from that of TOPS and OTS. It is indisputable that each of the Suits involves a separate and distinct transaction between JAB II and each of the respective plaintiffs. While the Suits admittedly involve related causes of action (breach of contract for OTS and TOPS, open account or unjust enrichment for OTS and C-Dive), each Suit will require each plaintiff to establish different facts to support their different causes of action.

Additionally, the Suits will require the application of different law. The TOPS Suit alleges extensive fraud with OTS focusing on breach of contract and C-Dive leading with open account. Each of these necessarily requires the application of different law. Further, as noted above, TOPS and C-Dive have made Rule 9(h) designations, invoking this Court's maritime and admiralty jurisdiction for breach of maritime contracts, while OTS has not made a 9(h) designation, and has instead invoked this Court's federal question jurisdiction under OCSLA. While reserving all rights to later contest these jurisdictional designations, if they were allowed to proceed, the result could be the application of maritime law to TOPS and C-Dive's Suits and claims while OTS' claims could be governed by state law. Additionally, OTS, C-Dive, and TOPS have not yet asserted whether their claims are governed by maritime law, Texas law, or Louisiana law, opting instead to artfully plead around having to "pick a pony." As such, each of the plaintiffs could potentially assert a different law applies to their "related" causes of action.

The only commonality between the three Suits are the allegations of alter ego or single business enterprise, where plaintiffs again leave their options open to assert Louisiana, Texas, or Delaware law. However, as these are not independent causes of action "but rather … a means of imposing liability on an underlying cause of action",[3] this commonality does not support consolidation.

### III. Prejudice

TOPS offers an unsupported declaration that there will be no prejudice from consolidation. To the contrary, it appears to Defendants that TOPS, OTS, and C-Dive are not concerned with championing judicial efficiency but instead are looking to join forces and gang-up on Defendants in discovery and at trial, an obviously improper use of Rule 42. As noted above, it is unjust to ask Defendants to complete discovery on the claims presented by all three Suits by September 20th when no discovery has been performed in the OTS or C-Dive Suits, and impossible for Defendants to prepare for trial against all three plaintiffs by the allotted December 6th trial date. Additionally, as TOPS will attempt to carry its burden on its fraud claims by introducing evidence of Boudreaux's alleged "nefarious" conduct at trial, having OTS and C-Dive's contract and quasi-contract claims tried at the same time necessarily presents the grave potential for bias in resolving their unrelated claims. As such, the prejudice to Defendants from the proposed *in toto* consolidation is extensive and further requires that the Motion be denied.

### IV. In the Alternative, Consolidation for Limited Purposes

Should this Court determine that convenience and economy in administration dictates consolidation, Defendants request that such consolidation be limited to discovery on the only common issue between the three Suits, alter ego / single business enterprise. *See Varnado,* 2016

---

[3] *Mack Energy Co.*, 2019 WL 4887410, at *7.

WL 320146, at *3 ("With rulings on dispositive motions not yet made and discovery having begun or concluded in some, but not, all cases, this Court sees no good reason to order consolidation for trial at this time."), *Moore v. LaSalle Corr. Inc.*, No. CV 16-1007, 2017 WL 1089195, at *3 (W.D. La. Mar. 20, 2017) (consolidating for pre-trial discovery purposes only); *Wells v. Robinson Helicopter Co.*, 2013 WL 11836758, *2 (S.D. Miss. Mar. 15, 2013) (consolidating for discovery only); *Blasko v. Wa. Metropolitan Area Transit Authority*, 243 F.R.D. 13, 16 (D. D.C. 2007) (consolidating for discovery, but not trial, at the present time). Further, in the event that the three Suits are consolidated to any extent, Defendants request a status conference with the Court to confirm procedures for proceeding under consolidation, and that a new Scheduling Order be issued confirming a new trial date and discovery deadlines.

## CONCLUSION

For the reasons stated herein, Defendants request that TOPS' Motion be denied.

Respectfully submitted,

**MILES THOMAS LAW, LLC**
Counsel for JAB Energy Solutions, LLC,
JAB Energy Solutions II, LLC,
Allison Marine Holdings, LLC, and
Brent Boudreaux

*/s/ Miles C. Thomas*
Miles C. Thomas, Esq. T.A. #31342
8011 Sycamore Street
New Orleans, LA 70118
(864) 380-3838
mthomas@milesthomaslaw.com

**August 24, 2021**