| | |
|---|---|
| **From:** | George Nalley <george@gnalley.com> |
| **Sent:** | Wednesday, August 18, 2021 12:16 PM |
| **To:** | mthomas |
| **Cc:** | Martin Bohman; Robert S. Stassi |
| **Subject:** | RE: TOPS v JAB II et al |

Miles,

    I do not believe I have ever refused to have a conference call to discuss any issues with you, and will be happy to do so any time with you with or without the others.

    I do believe that the cases should be consolidated in toto, as I believe the issues of all 3 are so closely linked that is not a problem. While you are certainly free to do whatever reasonable discovery you choose, we do want a trial date asap. I really can't imagine that you have significant discovery to do on any of our clients. As far as I know, all 3 of them were engaged by your client(s) to perform work, which they did, and which your clients accepted, then they simply did not pay us. Regardless of their excuse for not doing so, I fail to see how these facts will generate extensive discovery from your side as to any of the defendants, but that is just my perception and I don't represent them.

    I believe the more pressing and potentially involved discovery is going to be ours to document the activities by your clients to move and hide the funds they were to receive for this job to prevent us from getting paid and the interaction between your clients in that process.

    Therefore, I will get back with you later today hopefully to confirm the availability of Jay, Rocky , and Dan, as you have proposed and to lock in the date for Sonda.  Thanks.
George

---

**From:** mthomas <mthomas@milesthomaslaw.com>
**Sent:** Wednesday, August 18, 2021 4:12 AM
**To:** George Nalley <george@gnalley.com>
**Cc:** Martin Bohman <martin@bohmanmorse.com>; Robert S. Stassi <stassi@carverdarden.com>
**Subject:** RE: TOPS v JAB II et al

Thanks, George. I would note that I also want to depose Dan Black as he appears to have been heavily involved, and that I told you that I would send you a 30b6 request for a corporate deposition of TOPS, which I will get to you this week. Please let me know Dan's availability and we can schedule the 30b6 once I send the notice and you have an opportunity to review.

As for Rocky and Jay, I cannot agree that I will be able to complete both of their depositions in one day, but I can agree to try with the understanding that we will resume as necessary if I'm unable to conclude in one day. As for your proposed dates, let's start Rocky and Jay on the 30th. Please confirm and let me know where and I will send notices. Perhaps we can do Dan and/or the 30b6 on the 3rd (I have a pretrial conference with Barbier on the 2nd)? I am unavailable on the 9th and 13th as I'm hunting in Minnesota. If we can knock out Jay, Rocky, Dan, and the 30b6 as I've proposed, I will confirm if Sonda is available on the 14th. Let me know if that works for you.

Turning to the pending motions for consolidation, I have asked Martin and Rob to let me know a time when we can discuss. I have not heard from either of them to confirm a time but I tried to discuss it with you when you called on Monday afternoon. I proposed that there be limitations on the scope of the consolidations, but you dismissed this suggestion outright. If nothing else, this exchange is axiomatic of one of the major issues that I was seeking to avoid. You are pressing to have depositions before a September 20 discovery deadline when I haven't answered your amended complaint and there is a motion to dismiss pending, to be submitted on

**Exhibit A**

September 1. Motions to consolidate in all three cases are likewise set for submission on the same date, meaning that we likely won't receive orders on any of the pending motions until shortly before, if not after, the September 20th cutoff for discovery in our case. As such, I likely won't know what claims from TOPS I am defending against before discovery closes. Further, based on our discussion and your motion to consolidate, you apparently intend to tie C-Dive to our scheduling order and trial date of December 6 even though my answer to C-Dive isn't due until the 19th and no scheduling order has been entered in that case. Similarly, is it your intention that OTS, with a February trial and no discovery completed to date, is going to trial in December? Are you seeking to require my clients to defend the claims from C-Dive and OTS with discovery gathered in the next 30 days?

While your motions aver judicial efficiency, I believe it is abundantly clear that the motions to consolidate are simply ham-fisted attempts to gang-up on my clients. As I specifically told Africk before waiving any opposition to the transfer, I am not scared of fighting the three of y'all, but the trial must be moved so that I have sufficient time to complete the requisite discovery to defend each of your suits. Africk said that would not be a problem as Currault's calendar was much more flexible. My proposal is simply that we work out what aspects of discovery and motions are to be consolidated and that we agree on a new scheduling order for all three. For example, are y'all agreeing that the three plaintiffs are bound by the discovery limits of a single plaintiff? Are you required to plead/move as one? Are you proposing a single trial? To the extent we can't reach a complete agreement, we can resolve it with a status / scheduling conference with Currault. I would again ask that each of you agree to a conference call to discuss limitations on the scope of consolidation or let me know by responding to this email that you refuse. If you refuse or don't respond, I will assume that you are insisting on total consolidation and trial of all three suits on December 6th under TOPS' scheduling order and will represent same to the Court when I oppose your respective motions.

Beast regards,

- mct

**From:** George Nalley <george@gnalley.com>
**Sent:** Tuesday, August 17, 2021 9:28 AM
**To:** mthomas <mthomas@milesthomaslaw.com>
**Cc:** Martin Bohman <martin@bohmanmorse.com>; Robert S. Stassi <stassi@carverdarden.com>
**Subject:** RE: TOPS v JAB II et al

Miles,
   This note will follow up our telephone call yesterday wherein I again asked you to provide me with a date for Sonda Robertson's deposition, which you refused to do as you (for the first time) indicated that you wanted to depose Rocky and Jay Henderson first. As I told you, I am not sure you are necessarily entitled to do that, but it really does not matter to me, so pick 2 of the dates that I gave you below, and I will make Rocky and Jay available on the first one and we can do hers on the latter one. I am cc'ing Martin and Rob as well so they can chime in on their availability. Thanks.
George

**From:** George Nalley
**Sent:** Friday, August 13, 2021 9:18 PM
**To:** mthomas <mthomas@milesthomaslaw.com>
**Cc:** Martin Bohman <martin@bohmanmorse.com>; Robert S. Stassi <stassi@carverdarden.com>
**Subject:** TOPS v JAB II et al

Miles,
I would like to schedule the deposition of Sonda Robertson.
I am available on the following days:

*Exhibit A*

Aug. 23,30
Sept 2, 3, 9, 13, 14
Please advise me which of these days will work for you and her, and whether she will be available in NO or Houston. I am cc'ing Martin and Rob, as I think we should include them, since I suspect they are interested in her deposition as well, whether their cases are consolidated or whether they just want to cross notice it for their cases, if not, as that would avoid her being deposed multiple times. Thanks.
George

**Exhibit A**