

WILMINGTON, DE
LOS ANGELES, CA
SAN FRANCISCO, CA
NEW YORK, NY
HOUSTON, TX

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302/652 4100
FACSIMILE: 302/652 4400

LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE:** 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
ONE MARKET PLAZA
40th FLOOR, SUITE 4000
SAN FRANCISCO
CALIFORNIA 94105

**TELEPHONE:** 415/263 7000
FACSIMILE: 415/263 7010

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212/561 7700
FACSIMILE: 212/561 7777

TEXAS
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002

**TELEPHONE:** 713/691-9385
FACSIMILE: 713/691-9407

WEB: www.pszjlaw.com

Maxim B. Litvak

October 8, 2021

415-263-7000
mlitvak@pszjlaw.com

**Via E-mail**

George J. Nalley, Jr.
Nalley & Dew
Suite 100
4540 Severn Avenue
Metairie, LA 70001
Email: george@gnalley.com

Richard W. Martinez, APLC
3500 N. Hullen St.
Metairie, LA 70002
Telephone: (504)525-3343
Email: richard@rwmaplc.com

    **Re:**  *In re JAB Energy Solutions II, LLC*, **Case No. 21-11226 (CTG)**

Dear Counsel:

  My firm represents JAB Energy Solutions II, LLC, debtor and debtor-in-possession (the "JAB Debtor") in the above-referenced chapter 11 bankruptcy case (the "DE Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware (the "DE Bankruptcy Court").

  On September 7, 2021, the JAB Debtor commenced its Bankruptcy Case in the Bankruptcy Court. Your office and your client, Turnkey Offshore Project Services LLC ("TOPS"), received actual notice of the JAB Debtor's commencement of the Bankruptcy Case. You also have appeared on behalf of TOPS at two hearings held before the DE Bankruptcy Court on September 24, 2021 and October 1, 2021.

  On October 6, 2021, you filed, on behalf of TOPS, the *Motion to Aid in Consummation of the Confirmed 3rd Amended*

DOCS_DE:236422.2 42899/001

**Exhibit A**



*Plan of Reorganization Pursuant to 11 U.S.C. §§ 1141, 1142 Retention Provisions and Enforcement of the Court's Orders* [Docket No. 2393] (the "<u>Motion</u>"), in the bankruptcy case of Black Elk Energy Offshore Operations, LLC (the "<u>Black Elk Debtor</u>") pending in the United States Bankruptcy Court for the Southern District of Texas.  The Motion seeks procedurally improper injunctive relief against the Black Elk Debtor with the goal of preventing the JAB Debtor from collecting the monies owed to it by the Black Elk Debtor for the removal of the HI A-370 platform.

You attached the Master Service Agreement between TOPS and the JAB Debtor to the Motion.  The Black Elk Debtor is not a party to that agreement.  Indeed, TOPS has no contractual privity with the Black Elk Debtor relating to the HI A-370 platform.  The Black Elk Debtor owes approximately $5.6 million to the JAB Debtor (the "<u>Black Elk Receivable</u>"), not TOPS, which amount will be paid from various sources, including the Black Elk Debtor, subject to the satisfaction of certain requirements.  Through the Motion, TOPS is attempting to sidestep the DE Bankruptcy Case and the DE Bankruptcy Court in order to collect the Black Elk Receivable on account of TOPS' asserted claim against the JAB Debtor.  ***This is a blatant and willful violation of the automatic stay.***

The filing of a petition under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") "operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."  11 U.S.C. § 362(a).

Further, the automatic stay under section 362(a) of the Bankruptcy Code specifically forbids:  "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . ."



The automatic stay is "one of the most fundamental debtor protections provided under the Bankruptcy Code." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011). Indeed, the automatic stay is so fundamental, it is self-executing and does not even require notice to take effect. *See, e.g., In re A.H. Robins Co.*, 63 B.R. 986, 988 (Bankr. E.D. Va. 1986). Here, you have received actual notice of the DE Bankruptcy Case and even appeared at two hearings before the DE Bankruptcy Court.

The Black Elk Receivable is a valuable asset of the JAB Debtor's estate. The Motion blatantly and willfully violates the automatic stay by attempting to interfere with the JAB Debtor's ability to collect on the Black Elk Receivable at the expense of creditors of the JAB Debtor's estate. *See, e.g., Bankers Healthcare Group, Inc. v. Billfield* (*In re Billfield*), 494 B.R. 292, 301 (Bankr. N.D. Ohio) (stating that a party commits a willful violation of the automatic stay when it takes action with knowledge of the pendency of a bankruptcy, which is presumed when the party receives actual notice).

Having filed the Motion in flagrant violation of the Bankruptcy Code, TOPS must immediately withdraw the Motion. Absent that, the JAB Debtor reserves all rights, including, but not limited to, seeking actual and punitive damages against TOPS in the DE Bankruptcy Court pursuant to section 362(k) of the Bankruptcy Code.

Please advise whether you will withdraw the Motion by reply not later than *October 12, 2021 at 5:00 p.m. Eastern time*. We are available to discuss this matter should you have any questions.

    Sincerely,

    */s/ Maxim B. Litvak*

    Maxim B. Litvak

**Exhibit A**