### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JAB Energy Solutions II, LLC[1] | Case No. 21-11226 (CTG) |
| Debtor. | |

Hearing Date: February 24, 2022 at 10:00 a.m. (ET)

### JOINDER OF DIP LENDER GARMARK SBIC FUND II, L.P. IN DEBTOR'S COMBINED (I) REPLY IN SUPPORT OF DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT REGARDING DECOMMISSIONING OF HIGH ISLAND A370 PROJECT AND (II) OBJECTION TO CROSS-MOTION FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY

GarMark SBIC Fund II, L.P. ("GarMark"), the debtor-in-possession lender and prepetition secured creditor, files this joinder in support of the combined ("Omnibus Response") (i) reply in support of the *Debtor's Motion for Approval of Settlement Agreement Regarding Decommissioning of High Island A370 Project* [Docket No. 149] (the "Motion") and (ii) objection to *Turnkey Offshore Project Services LLC's and Offshore Technical Solutions, LLC's Cross-Motion for Entry of an Order Modifying the Automatic Stay* [Docket No. 160] (the "Cross-Motion") filed by the above-captioned debtor and debtor in possession (the "Debtor") in this chapter 11 case (the "Chapter 11 Case").

### JOINDER

1. For the reasons set forth here and in the Omnibus Response, GarMark agrees with the Debtor that the Settlement Agreement is highly beneficial to the Debtor, its estate, and all creditors and should be approved. Unlike a traditional settlement, under the Settlement Agreement, the Debtor will

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.



recover *all* amounts that it is owed on account of the High Island Project, without the need for potentially costly and lengthy litigation. The Settlement Agreement is primarily a resolution of the mechanics of payment which have already caused months of delay in this Chapter 11 Case (and associated expense) and provides the mechanism – through the use of an escrow agent (Chicago Title) – to satisfy certain obligations to the Texas Parks & Wildlife Department ("TPW") and obtain issuance of a clearance certificate from the United States Bureau of Safety and Environmental Enforcement ("BSEE"). Further, since the filing of the Motion, the Debtor has reached a resolution with TPW pursuant to which TPW will accept a reduced reefing fee from the Debtor from $878,243 to $700,000 (the "Reefing Fee"), with the remainder treated as a general unsecured claim. Under the Settlement Agreement, the Debtor will recover every penny to which it is entitled on account of the High Island Receivable. This result is, without dispute, beneficial to the estate and for these, and other reasons set forth in more detail in the Omnibus Response, the Motion should be approved.

2.   GarMark also supports the Debtor's objection to the Cross-Motion for relief from the automatic stay, which should be denied. Many parties to this bankruptcy – including GarMark – were not parties to the state court litigation and therefore their rights were not considered when the Preliminary Injunction was issued. Modifying the automatic stay to authorize the E.D. La. Court to handle the funds would modify the statutory framework put in place by the Bankruptcy Code regarding the priority of claims and prioritize the rights of TOPS and OTS over those of other creditors. *See, e.g., Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1074 (3d Cir. 1992) (quoting *United States v. Nicolet, Inc.*, 857 F.2d 202, 207 (3d Cir. 1988)) (bankruptcy "designed to replace the 'unfair race to the courthouse' with orderly liquidation that treats all creditors equally."). It is therefore appropriate to approve the Settlement Agreement and defer handling of the funds to a later date, without requiring the transfer of the funds to the registry of the E.D. La. Court. This is especially troublesome where, as here, all of the parties are before this Court and cross-motion movants affirmatively submitted to this Court's jurisdiction, which is not the case in Louisiana.

3.  Objectors' attempts to hijack this proceeding through manufactured complication must come to an end. The issues at stake here are basic to the bankruptcy process and are core matters. They include property of the estate and the priority of claims. This Court is uniquely qualified and empowered to address them.

WHEREFORE, for the reasons set forth herein and in the Omnibus Response, GarMark respectfully requests the entry of an order (i) granting the Motion on the terms set forth therein, (ii) denying the Cross-Motion, and (iii) approving such other and further relief as the Court may deem just and proper.

Dated: February 23, 2022  
Wilmington, Delaware

By: /s/ *Kurt F. Gwynne*  
Kurt F. Gwynne (No. 3951)

REED SMITH LLP  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7550  
E-mail: kgwynne@reedsmith.com

– and –

STEPTOE & JOHNSON LLP  
Jeffrey M. Reisner (Bar No. 143715)  
Kerri A. Lyman (Bar No. 241615)  
633 West Fifth Street, Suite 1900  
Los Angeles, California 90071  
Telephone: (213) 439-9423  
Facsimile: (213) 439-9599  
Email: Jreisner@steptoe.com  
klyman@steptoe.com

*Counsel to Secured Creditor GarMark SBIC Fund II, L.P.*