UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TURNKEY OFFSHORE PROJECT SERVICES, LLC ("TOPS") | * * * | NO: 2:21-cv-00672 |
| | * | JUDGE AFRICK |
| VERSUS | * * | |
| JAB ENERGY SOLUTIONS, LLC and BRENT BOUDREAUX, | * * | MAGISTRATE CURRAULT |

* * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF TOPS' MOTION TO REOPEN

In commenting on the as of now unsigned proposed Settlement Agreement the Bankruptcy Judge acknowledged a potential issue with Settlement Agreement: (R. Doc.55-2, p.11)

> **Now, the one further complication is the possibility that consummating the transaction, even just bringing the money in and putting it in escrow, might be construed to run afoul of the injunction entered by Judge Currault. Essentially, once we have an order that I enter, it might be appropriate to file a motion in front of Judge Currault simply to say that -- or asking that she modify her injunction to comport with this order, and to the extent there's an issue that needs to be cleaned up that way, that's a means by which you might consider cleaning it up.**

To the extent that the Reopening of this case, notwithstanding the automatic stay, has been sanctioned by the Bankruptcy Court to "clean up" any issues that stand in the way of this Court modifying its Injunction, TOPS respectfully submits that this Court reopen the case to consider, among other issues,

1. Whether this Court should maintain its injunction as to the funds specifically allocated by the Black Elk Bankruptcy Court to fund the work done by contractors in the decommissioning of the HI A370 platform.

2. To confirm this Court's continuing jurisdiction to ultimately decide all aspects of the matter before it not withstanding TOPS having filed a Proof of Claim in the Bankruptcy Proceeding.

1

As more fully set forth in the attached Motion and Memorandum to maintain the injunction as to the Black Elk Funds and to confirm this Court's continuing jurisdiction to ultimately decide all aspects of the matter before it, notwithstanding TOPS having filed a Proof of Claim in the Bankruptcy proceeding, TOPS respectfully submits that the currently pending motion by JAB II to modify the injunction and its proposed motion to allow the transfer of the Black Elk <u>funds</u> to an escrow agent in Delaware is a direct violation of this Court's standing injunction and more importantly is a blatant attempt to undermine the integrity of this Court's rulings regarding those funds in its injunction order. Accordingly, as more fully set forth in TOPS motion and memo to maintain the injunction, affirmative action is necessary by this Court to ensure that the integrity of those funds are maintained in the manner recognized by this Court and intended in the earlier ruling.

Accordingly, TOPS respectfully requests that this Court reopen this matter for the purposes of allowing it to file for consideration by this Court TOPS proposed motion and memo to ensure that this Court's earlier decision to protect the integrity of these funds is not thwarted.

Respectfully submitted,

NALLEY, DEW and MINER
A Professional Law Corporation

  */s/George Nalley*
GEORGE J. NALLEY, JR.            (9883)
DONA J. DEW                              (1329)
Suite 100
2450 Severn Avenue
Metairie, LA  70001
(504) 838-8188
Attorneys for TOPS
george@gnalley.com
dona@gnalley.com