# Fill in this information to identify the case:

Name of Debtor & Case Number:

☐ JAB Energy Solutions II, LLC Case No. 21-11226 (CTG)

United States Bankruptcy Court for the District of Delaware

Official Form 410
# Proof of Claim
4/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice that you received.

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   Turnkey Offshore Project Services, LLC
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor   TOPS

2. **Has this claim been acquired from someone else?**

   ☒ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?

   George Nalley
   Name

   2450 Severn Ave., Ste. 100
   Street Address

   Metairie     LA     70001
   City         State  ZIP Code

   Contact phone  504-838-8188
   Contact email  george@gnalley.com

   Where should payments to the creditor be sent? (if different)

   George Nalley
   Name

   2450 Severn Ave., Ste. 100
   Street Address

   Metairie     LA     70001
   City         State  ZIP Code

   Contact phone  504-838-8188
   Contact email  george@gnalley.com

4. **Does this claim amend one already filed?**

   ☒ No
   ☐ Yes. Claim number on court claims registry (if known)_____ Filed on ___/___/_____
                                                                   MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☒ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410                                Proof of Claim                                page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 8,297,633.82 . **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Exhibit A

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $_____
**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. *Check all that apply:* <br> ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). <br> ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). <br> ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). <br> ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). <br> ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). <br> ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. <br> * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | **Amount entitled to priority** <br><br> $_____ <br><br> $_____ <br><br><br> $_____ <br><br><br> $_____ <br><br> $_____ <br><br> $_____ |
|---|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No <br> ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02 / 04 / 2022
                  MM / DD / YYYY

*/s/ George J. Nalley*
Signature

**Print the name of the person who is completing and signing this claim:**

Name: George (First name)  John (Middle name)  Nalley (Last name)

Title: Attorney

Company: Nalley, Dew & Miner, APLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 2450 Severn Ave., Ste. 100
Number   Street
Metairie                LA    70001
City                    State ZIP Code

Contact phone: 504-838-8188     Email: george@gnalley.com

# EXHIBIT A

## EXPLANATION OF CLAIM

1.  <u>Claim and Basis for Claim</u>.

Turnkey Offshore Project Services, LLC ("<u>TOPS</u>") hereby asserts all claims, rights, and interests under applicable law and equity against JAB Energy Solutions II, LLC (the "<u>Debtor</u>"), including without limitation any and all (i) claims arising out of that certain *Work Order 2020 No. 1*, dated September 25, 2020, under a previously agreed upon *Master Service Agreement* (collectively, the "<u>HI A370 Work Order</u>") made by and between TOPS and the Debtor, (ii) all claims arising from the collection of the monies due under the same, and (iii) all rights and interests in property, including the Black Elk Funds (defined below) (collectively, the "<u>Claim</u>"). Specifically, the Claim includes, but is not limited to, all amounts due and owing to TOPS under the HI A370 Work Order incurred prior to, on or after September 7, 2021 (the "<u>Petition Date</u>") with respect to certain decommissioning services performed on the High Island A-370 offshore oil platform (the "<u>High Island A-370 Project</u>"). The Claim also includes, without limitation and to the extent applicable, all additional costs and expenses, interest, reasonable attorney fees and other charges, whether incurred prior to, on or after the Petition Date, as required under the terms of the HI A370 Work Order.

The funds associated with the High Island A-370 Project and payable to TOPS are subject to a constructive trust, among other equitable remedies, issued by the United States District Court for the Eastern District of Louisiana in the case styled *Turnkey Offshore Project Services, LLC v. JAB Energy Solutions, LLC*, No. 2:21-cv-00672 (the "<u>EDLA Litigation</u>"). Specifically, in the EDLA Litigation, the Honorable Donna Phillips Currault entered a preliminary injunction that froze approximately $5.7 million in funds (the "<u>Black Elk Funds</u>") allocated for payment on the High Island A-370 Project pursuant to that certain *High Island Funding Term Sheet* made by and between the Debtor, Richard J. Schmidt, the "Black Elk Trustee," and other third parties. *See* Order and Reasons, EDLA Litigation, ECF No. 36 at 33-34 (the "<u>Black Elk Injunction</u>"). The Black Elk Injunction also enjoins the Debtor from "dissipating or transferring" the Black Elk Funds if and to the extent the Debtor receives any amount of the Black Elk Funds. *Id.* at 33. Judge Currault identified certain bad-faith, prepetition conduct by the Debtor to induce subcontractors (including TOPS) to perform decommissioning services for the High Island A-370 Project as a basis for issuing an asset freeze on the Black Elk Funds. *Id.* at 23-25. Although prepetition litigation against the Debtor was stayed by operation of the automatic stay upon the filing of the Debtor's bankruptcy petition, there is no order dissolving the Black Elk Injunction or otherwise unfreezing the Black Elk Funds. TOPS hereby reserves and preserves all of its rights, remedies, and privileges with respect to the Black Elk Injunction and the Black Elk Funds, and its ability to prosecute or defend its rights, remedies, and privileges with respect thereto in this or any other forum, and preserves and reserves, without limitation, all

right, title, and interest in the Black Elk Funds whether through a constructive trust remedy or otherwise.

2. <u>Classification of Claim</u>.

TOPS believes and asserts that the Black Elk Funds are held in trust for the benefit of TOPS and therefore form no part of the Debtor's bankruptcy estate, and the Black Elk Funds are thus available to satisfy the Claim rather than to pay the Debtor's general creditors. TOPS reserves and preserves all right, title, and interest in the Black Elk Funds whether pursuant to a remedy of constructive trust or otherwise. To the extent the Black Elk Funds are not held in trust or are insufficient to satisfy in full the Claim, the Claim is a secured claim to the extent secured by any applicable rights of setoff or recoupment, other collateral, or other applicable law, agreements or documents, or as determined by a court or competent jurisdiction to constitute a secured claim. In addition, certain portions of the outstanding obligations may also constitute administrative claims pursuant to Section 503 of the Bankruptcy Code, or as determined by a court of competent jurisdiction to constitute administrative claims. Finally, certain portions of the outstanding obligations may be determined by a Court to constitute general, unsecured claims. To the extent a Court so determines that the outstanding obligations that comprise the Claim constitute secured, administrative or general unsecured claims, those claims are hereby asserted as such.

3. <u>Total Amount of Claim</u>.

The total amount of the Claim is not less than $8,297,633.82 for amounts due and owing under the HI A370 Work Order for services performed on the High Island A-370 Project. TOPS hereby asserts, reserves, and preserves all claims for additional interest, and damages, attorneys' fees, and other amounts.

4. <u>Supporting Documents</u>.

The following documents are provided as supporting evidence for the Claim in accordance with rules 3001 and 3003 of the Federal Rules of Bankruptcy Procedure:

> **Exhibit A-1**: the Complaint filed by TOPS against the Debtor in EDLA Litigation, which includes the *Master Service Agreement*, *Work Order 2020 No. 1*, and invoices and other materials representative of the amounts owed with respect to the High Island A-370 Project; and

> **Exhibit A-2**: the Black Elk Injunction.

5. <u>Reservation of Rights and Remedies</u>.

This proof of claim is filed with (a) full reservation of rights, remedies, privileges and the like, including, without limitation, (i) the right to amend, modify or supplement the proof of

claim, (ii) the right to assert additional, modified, supplementary and/or amended proofs of claim and (iii) the right to make requests for administrative expenses including based on, among other things, events, information and/or documents obtained from the Debtor or others through discovery or otherwise and with (b) full reservation of (i) TOPS's rights, remedies, privileges, claims and/or the like against any party other than the Debtor, and (ii) TOPS's interests in any property, including, without limitation, the Black Elk Funds. This proof of claim is filed without prejudice to any cause of action or remedy against the Debtor not constituting a "claim" under 11 U.S.C. § 101(5) or otherwise applicable law.

This proof of claim is not intended to be, and shall not be construed as: (i) an admission that the Black Elk Injunction is not enforceable or no longer remains in place; (ii) an admission that the Black Elk Trustee does not currently hold the Black Elk Funds in trust for TOPS and other subcontractors of the High Island A-370 Project; (iii) an admission that the Black Elk Funds are property of the Debtor's estate; (iv) an election of remedies; (v) a waiver of any past, present or future defaults or events of default; (vi) a waiver, release or limitation of any rights, remedies, privileges, claims, interests or the like of TOPS, including, without limitation, the right to assert any claims against the Debtor or against any other party or property other than that of the Debtor and its estate, inclusive of the right to recover interest and attorneys' fees and costs; (vii) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of this claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case or involving TOPS, and/or to seek transfer to, or abstention in favor of proceedings before, another court; (viii) a waiver of the right to mediation or arbitration; (ix) a consent to the jurisdiction or Constitutional power of the bankruptcy court with respect to the subject matter of this proof of claim, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving TOPS; (x) a waiver of the right to trial by jury in any proceedings so triable in this case, or any controversy or proceedings related to this case; (xi) a waiver or release of any right against any affiliate of the Debtor or other entity or person liable for all or part of any claim described herein; (xii) a waiver of any right of subordination of indebtedness or liens held by other creditors of the Debtor; (xiii) a waiver of any rights pursuant to section 506(b) of the Bankruptcy Code; or (xiv) a waiver or release of any liens or security interests that TOPS may have with respect to the property of the Debtor or any affiliate of the Debtor.

6. <u>Payment Address</u>. Payments related to the Claim should be sent to:

> Nalley, Dew & Miner, APLC
> ATTN: George Nalley
> 2450 Severn Ave., Ste. 100
> Metairie, LA 70001

7. <u>Notices</u>.  All notices concerning this proof of claim should be sent to:

    Morris, Nichols, Arsht & Tunnell LLP
    Attn: Matthew B. Harvey, Esq.
    Attn: Joseph C. Barsalona II, Esq.
    1201 North Market Street
    P.O. Box 1347
    Wilmington, DE  19899-1347
    Tele: (302) 658-9200
    Fax: (302) 658-3989
    Email: mharvey@morrisnichols.com
           jbarsalona@morrisnichols.com

    George Nalley
    Nalley, Dew & Miner, APLC
    2450 Severn Ave., Ste. 100
    Metairie, LA 70001
    Tele: (504) 838-8188
    Email: george@gnalley.com

    Richard W. Martinez
    Richard W. Martinez, APLC
    350 N. Hullen St.
    Metairie, LA 70002
    Tele: (504) 525-3343
    Email: richard@rwmaplc.com