UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TURNKEY OFFSHORE PROJECT SERVICES, LLC** | \* \* \* | Civ. No. 2:21-cv-672 DPC |
| | \* | MAG. JUDGE: Donna Phillips Currault |
| **VERSUS** | \* \* | |
| **BRENT BOUDREAUX, JAB ENERGY SOLUTIONS, LLC, JAB ENERGY SOLUTIONS II, LLC, & ALLISON MARINE HOLDINGS, LLC** | \* \* \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT JAB ENERGY SOLUTIONS II, LLC'S REPLY IN SUPPORT OF (I) MOTION TO REOPEN CASE SOLELY TO PERMIT FILING OF MOTION TO MODIFY PRELIMINARY INJUNCTION AND (II) MOTION TO MODIFY PRELIMINARY INJUNCTION**

Defendant JAB Energy Solutions II, LLC (the "Debtor" or "JAB II") hereby submits this reply ("Reply") in support of its (i) Motion to Reopen Case Solely to Permit Filing of Motion to Modify Preliminary Injunction (the "Motion to Reopen"), and (ii) Motion to Modify Preliminary Injunction (the "Motion to Modify", and together with the Motion to Reopen, the "Motions"). [1]

I.  Preliminary Statement

At a lengthy and contested hearing before the Hon. Craig T. Goldblatt of the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), in which TOPS vociferously participated, the Bankruptcy Court carefully considered the proposed Settlement at the center of the parties' current dispute and TOPS' request that the automatic stay be modified so that TOPS could proceed with the litigation in this Court to determine "the ownership of the Black Elk Funds." [2] After a "very helpful conversation" [3] with this Court regarding the interrelated issues of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given them in the Motions.
[2] TOPS' *Cross-Motion to Modify Automatic Stay*, Case No. 21-11226, ECF 160.
[3] Bankr. Hrg. Tr. at p. 8, 15.

this proceeding and the chapter 11 case, the Bankruptcy Court approved the Settlement and denied TOPS' request to lift the automatic stay thereby preventing TOPS from pursuing its litigation against the Debtor in this Court. Additionally, the Bankruptcy Court suggested that the Debtor seek a modification of the Court's Preliminary Injunction consistent with the Bankruptcy Court's Settlement Order. Once the injunction is so modified, the Settlement can be consummated, money received for the benefit of all and the **Bankruptcy Court** can resolve which competing interests in the proceeds are superior and whether the Settlement funds are estate property or not. TOPS has ignored all of this backdrop and instead seeks to reopen this matter to litigate this Court's jurisdiction over TOPS' liability claims against the Debtor,[4] in open defiance of the automatic stay and the Bankruptcy Court's denial of TOPS' request for stay relief. For the reasons explained below, TOPS' objections to the Motions should be overruled so that the settlement approved by the Bankruptcy Court can be consummated, the HI A370 funds can be received into escrow, and—as ordered by the Bankruptcy Court[5]—the parties' competing claims as to the proceeds can be resolved by the Bankruptcy Court on the merits.

II.     Relevant Background

After approving the Settlement between the Debtor and the four payors set forth in the High Island Funding Term Sheet and denying TOPS' request for automatic stay relief, the Bankruptcy Court, after consultation with this Court, suggested that the Debtor seek a technical

---

[4] TOPS explicitly "requests that this Court reopen this administratively closed case and enter an Order" … "to determine the rights and obligations between JAB II and TOPS as well as the rights and obligations among TOPS and the other defendants in this matter …" and "… determine the manner in which and to whom the Black Elk funds being held in the Registry of the Court will ultimately be dispersed." *See Memorandum in Support of Motion to Maintain the Injunction as to the Black Elk Funds and to Confirm this Court's Continuing Jurisdiction to Ultimately Decide All Aspects of the Matter Before it Notwithstanding TOPS Having Filed a Proof of Claim in the Bankruptcy Proceeding*, ECF No. 59-3, at pg. 7 (the "Motion to Maintain the Preliminary Injunction").
[5] Bankr. Hrg. Tr. at p. 14, 16-17.

"cleanup" order from this Court, to implement the payment and escrow construct approved by the Bankruptcy Court and avoid any perceived or actual conflict with the Preliminary Injunction:

> Now, the one further complication is the possibility that consummating the transaction, even just bringing the money in and putting it in escrow, might be construed to run afoul of the injunction entered by Judge Currault. I'm not in any position to give folks legal advice, but it does seem to me that that issue might be addressed by the filing of a motion to modify the injunction in front of Judge Currault. I think that what we have here is just a technical matter of cleanup, and I think that issue can be addressed that way.

Bankr. Hrg. Tr. at pg. 11, 2-11. Following the Bankruptcy Court's suggestion, JAB II filed the Motion to Reopen requesting that this Court reopen this proceeding for the limited purpose of modifying the Preliminary Injunction consistent with the Bankruptcy Court's order approving the Settlement. The Bankruptcy Court made clear that the disputed funds, aside from the $700,000 Reefing Fee that must be paid in order to recover any of the High Island proceeds,[6] will be held in escrow until the Debtor's and TOPS respective rights thereto are determined –"the [money] will sit there pending resolution of the merits of the ownership dispute."[7] Bankr. Hrg. Tr. at pg. 13, 2-3. Following the Bankruptcy Court's guidance, in the context of denying TOPS' request to modify the stay to seek a determination as to ownership of funds before this Court, the Debtor intends to initiate an adversary proceeding in the Bankruptcy Court against TOPS to resolve the competing claims to the disputed funds, once this Court rules on the request to modify the Preliminary Injunction.

---

[6] As determined by the Bankruptcy Court, the Reefing Fee must be paid in order to consummate the Settlement. Absent payment of the Reefing Fee, the payors will not fund the Settlement. TOPS already objected to the Settlement on this point and the Bankruptcy Court overruled such objection in approving the Settlement.

[7] The escrow will be held with a reputable third party escrow provider (currently contemplated to be Chicago Title) and, aside from the Reefing Fee, will not be released to any party absent further order of the Bankruptcy Court.

At the same time that the Bankruptcy Court approved the Settlement, it also denied TOPS' request for relief from the automatic stay to have the litigation resume in this Court.  In denying TOPS' motion to lift the automatic stay, after consultation with this Court, the Bankruptcy Court ruled:

> In view of the record in front of me, and I will acknowledge, in part, coming out of the conversation I had with Judge Currault, I've concluded to deny the motion for relief from stay. I believe that the consideration of all of the factors I identified above counsel in favor of having the question of ownership of these funds resolved in an appropriate proceeding here.

Bankr. Hrg. Tr. at pg. 14, 15-21.

Notwithstanding approval of the Settlement, the clear words of the Bankruptcy Court following its conversation with this Court, denial of stay relief, and confirmation that the disputed funds will be securely held in escrow, TOPS has opposed the Motions in contravention of the Bankruptcy Court's rulings.  Moreover, TOPS has ignored the Bankruptcy Court's order denying stay relief by filing its own motion to reopen, asking this Court to reopen this proceeding and maintain the injunction so that this Court and not the Bankruptcy Court could exercise jurisdiction over the dispute as to the ownership of the disputed funds.  TOPS' actions are also self-defeating because the payors will not pay the approximately $4.9 million in net proceeds into escrow (after payment of the $700,000 Reefing Fee) until the Preliminary Injunction is modified and the Settlement consummated consistent with the Bankruptcy Court's order.  Accordingly, TOPS' objections should be overruled, and JAB II's Motions granted so that the Bankruptcy Court can resolve the bankruptcy estate's interest in the proceeds along with that of all interested parties, while the proceeds remain safe in escrow.

III.     The Debtor's Reply to TOPS' Oppositions

JAB II files this Reply to dispute and correct several assertions TOPS makes in the TOPS Oppositions.

*First*, JAB II is not, by way of the JAB Motions, attempting an "end-run" around the Preliminary Injunction.  To the contrary, JAB II filed the Motions at the suggestion of the Bankruptcy Court after it had consulted with this Court regarding the implications of the Preliminary Injunction in the Bankruptcy Case.  As a practical matter, JAB II's Motion to Modify seeks relief mirroring the original intent of the Preliminary Injunction – i.e., holding in escrow the funds in which TOPS asserts an interest pending an ultimate determination of the competing interests.  It is irrelevant that the original proposed order approving the Settlement Agreement included a provision authorizing JAB II to pay the funds to its secured creditors because JAB II agreed to remove that provision from the proposed order prior to approval of the Settlement. Accordingly, the Bankruptcy Court was not asked to, and did not, approve that request.  The funds in dispute after payment of the $700,000 Reefing Fee that must be paid in order to recover any of the High Island proceeds which will remain in escrow and TOPS' rights therein are fully preserved, thus satisfying the intent of the Preliminary Injunction.

*Second*, for the reasons set forth in the Debtor's opposition to TOPS' Motion to Maintain Preliminary Injunction, TOPS fundamentally mischaracterizes the two motions filed by JAB II in the Black Elk bankruptcy case in 2015, insofar as TOPS' asserts that either motion (or the related orders from the Black Elk bankruptcy court) "specifically designated" or "earmarked" any funds for payment to TOPS for work performed on HI A370 (which was performed in late 2020), or provide any support for any administrative priority claim in favor of TOPS.

5

*Third*, TOPS argues that the Preliminary Injunction deprived JAB II of its ownership of the funds, which is clearly untrue.  The Preliminary Injunction may have imposed certain restrictions on JAB II's usage of the funds, but it did not explicitly or implicitly convert such funds into TOPS' property.  Moreover, the case TOPS relies upon, *In re Scarborough-St. James Corp.*, 535 B.R. 60 (Bankr. D. Del. 2015), is inapposite. TOPS cites that opinion for the proposition that a bankruptcy court cannot modify another court's injunction that is still in effect. But unlike in that case, this Court is being asked to modify its ***own preliminary injunction***, which it indisputably has the power to do.

*Fourth*, this case needs only to be reopened for the limited purpose of modifying the Preliminary Injunction as requested in JAB II's Motion to Reopen.  The Bankruptcy Court has already ruled, again, following consultation with this Court, that the Bankruptcy Court has jurisdiction, and is the proper forum, to determine the ownership and other competing interests asserted in the disputed funds.  Moreover, all of the parties who have asserted such interests, including TOPS and JAB II's secured creditors, who assert a first priority lien on the funds, have submitted to the Bankruptcy Court's jurisdiction.

JAB II therefore urges this Court to reopen this case for the limited purpose of modifying the Preliminary Injunction to allow JAB II to effectuate the Bankruptcy Court-approved Settlement– including holding the disputed funds in escrow pending the Bankruptcy Court's determination of the competing claims to such funds.

## Conclusion

For the reasons set forth herein, JAB II requests that the Court grant the JAB Motion to Reopen and JAB Motion to Modify, and grant such other relief as is just and proper.

| | |
|---|---|
| Dated: April 11, 2022 | **MILES THOMAS LAW, LLC** |// 

Dated: April 11, 2022

**MILES THOMAS LAW, LLC**

*/s/ Miles C. Thomas*
Miles Channing Thomas, Esq. T.A. #31342
8011 Sycamore Street
New Orleans, LA 70118
(864-380-3838)
mthomas@milesthomaslaw.com

   -and-

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (DE Bar No. 2436)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone:	302-652-4100
Facsimile:	302-652-4400
Email:	ljones@pszjlaw.com
	mlitvak@pszjlaw.com
	crobinson@pszjlaw.com

*Counsel to JAB Energy Solutions II, LLC*